[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant, J. Neale MacDonald Company ("MacDonald"), brings this motion seeking summary judgment on counts one and three of plaintiff's four count complaint.
Count one encompasses a claim for negligent infliction of emotional distress while count three is a claim for intentional infliction of same.
"To satisfy [its] burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Plouffe v. New York, N.H. H.R. Co., 160 Conn. 482,488, (1971). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Strada v. Connecticut Newspapers,Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984). "The test is whether a party would be entitled to a directed verdict on the same facts." Batick v. Seymour, 186 Conn. 632, 647, (1982).
There is no question that the plaintiff, Texene Bosco, was injured while working at The Southbury Training School on August 9, 1983. As a result of her injuries, she began receiving workers' compensation from her employer pursuant to a policy issued by the defendant, MacDonald. Subsequently, MacDonald hired a private investigation firm, the Interdome Group ("Interdome"), also a defendant in this case, to follow the plaintiff and report on her activities in order to ascertain the true nature and extent of her claimed disabilities. Interdome assigned Antonio Pinheiro, also a defendant in the present action, to the plaintiff's case. Pinheiro followed and photographed the plaintiff during the month of December, 1988.
The plaintiff claims, that as a result of the acts of the three defendants, she suffered and continues to suffer emotional distress. CT Page 674
In order to sustain a claim of negligent or unintentional infliction of emotional distress, "the plaintiff [has] the burden of pleading and establishing that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress, and that that distress, if it were caused, might result in illness or bodily harm." Morris v.Hartford Courant, 200 Conn. 676, 683 (1986). The plaintiff claims in paragraph eight of her first count that MacDonald knew or should have known that the hiring of a private investigator to follow and photograph her would create an unreasonable risk of causing her distress, and in paragraph nine she alleges that MacDonald "knew or should have known that this distress, if it were caused, might result in physical and mental illness or bodily harm."
MacDonald argues that a claim for negligent infliction of emotional distress requires that a breach of duty occur. "The existence of a duty is a question of law and `[o]nly if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. . . .'" (Citations omitted.) Petriello v.Kalman, 215 Conn. 377, 382-83, 576 A.2d 474 (1990).
 The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. . . . By that is not meant that one charged with negligence must be found actually to have foreseen the probability of harm or that the particular injury which resulted was foreseeable, but the test is, would the ordinary [person] in the defendant's position, knowing what [the defendant] knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?
Frankovitch v. Burton, 185 Conn. 14, 20-21, (1981). Certainly, it is foreseeable that harm, such as has been alleged in this case, may result if reasonable care is not used in undertaking the surveillance of a party for the purpose of determining the extent of her injuries. MacDonald concedes in its brief that it owes a duty to the plaintiff, in that it was required to "undertake such investigations in a reasonable manner designed not to harass nor intimidate." MacDonald argues, however, that it did not breach this duty. Of course, this is a question for CT Page 675 the jury, and therefore MacDonald's motion for summary judgment as to the first count of the plaintiff's amended complaint is denied.
The third count of the plaintiff's amended complaint alleges a claim for intentional infliction of emotional distress. "The tort of intentional infliction of emotional distress requires proof of four elements: (1) that the actor intended to inflict emotional distress; or that he or she knew or should have known that emotional distress was a likely result of his or her conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe;" Preston v. Phelps DodgeCopper Products Company, 35 Conn. App. 850, 863 (1994), citingPeyton v. Ellis, 200 Conn. 243, 253 (1991). "Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress. . . . [T]here is liability for conduct exceeding all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a serious kind." (Citation omitted; internal quotation marks omitted.) Mellaly v. Eastman KodakCompany, 42 Conn. Sup. 17, 19-20 (1991 Berdon, J.). "Whether the defendant's conduct and the plaintiff's resulting distress are sufficient to satisfy [this] element is a question, in the first instance, for this court. Only where reasonable minds can differ does it become an issue for the jury." Id., 18.
MacDonald argues in its memorandum of support that the conduct undertaken in order to surveil the plaintiff was "neither extreme nor outrageous as a matter of public policy." Paragraph one of the amended complaint alleges that the private investigator "frightened, intimidated and harassed the plaintiff and made her paranoid by following and photographing her." In her affidavit submitted to this court the plaintiff states that "on December 21, 1988, while trying on bras at K-Mart in Ansonia, the investigator jumped out from behind boxes and photographed the plaintiff and her mother in the lingerie department." The plaintiff further states in her affidavit that the investigator continued to follow her that day subsequent to the encounter at K-Mart. In addition, the plaintiff alleges in her complaint and in her affidavit that MacDonald was aware of the fact that the plaintiff had been treated for psychological CT Page 676 disorders, since MacDonald was the insurance company paying her treatment expenses.
Based on the allegations of the plaintiff, it appears that reasonable minds could differ as to whether the conduct undertaken to surveil the plaintiff was extreme and outrageous and thus a question of fact for the trier of fact exists. SeeMellaly v. Eastman Kodak Company, supra, 42 Conn. Sup. 17. MacDonald argues further that the reasonable surveillance of an injured claimant by an insurance company is to be expected as is the consequent loss of privacy. MacDonald concedes that there is no case law in Connecticut to support this contention and the cases it cited from other jurisdictions are unconvincing.
Additionally, MacDonald cites 13 A.L.R.3d 1025, 1027 (1967) which provides in pertinent part: "[a]s a matter of public interest, it has been held that owing to the social utility of exposing fraudulent claims and because of the fact that some sort of investigation is necessary to uncover fictitious injuries, an unobtrusive investigation, even though inadvertently made apparent to the person being investigated, does not constitute an actionable invasion of . . . privacy". Again, this analysis is not dispositive of an action for intentional infliction of emotional distress.
Finally, MacDonald quotes DeLaurentis v. New Haven,220 Conn. 225, 267 (1991), wherein the Court stated, "[i]t is the intent to cause the injury that is the gravamen of the tort." MacDonald states that it was not its intent to cause the plaintiff's alleged emotional distress. The plaintiff, however, has alleged that it was.
"[S]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with the questions of motive, intent and subjective feelings and reactions." United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 376 (1969). Based on the foregoing discussion and in second therewith, MacDonald's motion for summary judgment as to count three as well as to count one of the plaintiff's amended complaint is denied.
WEST, J. CT Page 677