[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#117)
On November 14, 1994, the pro se plaintiff, David Cummings, filed a three count complaint against the defendant, Roberta D'Oyen, seeking to recover for damages allegedly sustained when he was arrested pursuant to a complaint made by the defendant. The plaintiff alleges that he was arrested because the defendant accused him of harassment pursuant to General Statutes § 53a-182b, based on false allegations that he called the defendant on numerous occasions and threatened to kill her. The plaintiff further alleges that the complaint was subsequently dismissed by the court.
In the first count of the complaint, the plaintiff asserts a claim for false arrest against the defendant. In the second count, the plaintiff asserts a claim for intentional infliction of emotional distress. In the third count, the plaintiff asserts a slander claim.
On April 1, 1996, the defendant filed a motion to strike the second and third counts of the plaintiff's complaint (#117), along with a memorandum of law. On April 17, 1996, the plaintiff filed a memorandum in opposition to the motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 214, 618 A.2d 25 (1992). In ruling on a motion to strike, the court is limited to the facts alleged in the pleading; Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988); which must be construed in the light most favorable to the pleader. RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 384,650 A.2d 153 (1994). "If facts provable under the allegations would support a defense or cause of action, the motion to strike must be denied." Id.
A. Second Count: Intentional Infliction of Emotional Distress
The defendant moves to strike the plaintiff's claim for intentional infliction of emotional distress on the ground that the plaintiff fails to allege that he suffered "severe" emotional distress as a result of the defendant's actions. In response, the plaintiff contends that his allegation that he suffered "great CT Page 4113 humiliation, distress and mental anguish" is sufficient, as it is equivalent to use of the phrase "severe emotional distress."
For a plaintiff to state a legally sufficient claim for intentional infliction of emotional distress, "[i]t must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.)DeLaurentis v. New Haven, 220 Conn. 225, 266-67, 597 A.2d 807
(1991). "`The rule which seems to have emerged is that there is liability for conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind.' (Emphasis added.) Prosser Keeton, Torts (5th Ed.) § 12, p. 60."Petyan v. Ellis, 200 Conn. 243, 254 n. 5, 510 A.2d 1337 (1986). "Whether the defendant's conduct and the plaintiff's resulting distress are sufficient to satisfy . . . these elements is a question, in the first instance, for [the] court. Only where reasonable minds can differ does it become an issue for the jury."Mellaly v. Eastman Kodak Co., 42 Conn. Sup. 17, 19-20, 597 A.2d 846
(1991) (Berdon, J.).
The court cannot rule as a matter of law that an arrest made, upon an allegedly false and malicious complaint filed by the defendant, as alleged in the present case, cannot constitute extreme and outrageous conduct sufficient to cause the plaintiff to suffer severe emotional distress. Whether such a situation constitutes extreme and outrageous conduct will depend on additional facts outside of the complaint and evidence that may subsequently be introduced at trial. Moreover, the allegations in the second count of the complaint state a legally sufficient claim for intentional infliction of emotional distress. An allegation that the plaintiff suffered "great humiliation, distress and mental anguish" is substantially similar to an allegation that the plaintiff suffered "severe emotional distress," and will suffice for purposes of pleading a legally sufficient claim for intentional infliction of emotional distress.
In moving to strike the second count, the defendant attempts to introduce a myriad of additional facts by way of her supporting memorandum of law. These additional facts, which concern the plaintiff's alleged harassment of the defendant (i.e., racial slurs CT Page 4114 and death threats), the plaintiff's arrest, and the criminal proceeding against the plaintiff, are an attempt by the defendant to show that the arrest and prosecution of the plaintiff was justified and that the defendant's conduct did not amount to conduct exceeding all bounds usually tolerated by society. These additional allegations, however, constitute facts outside of the plaintiff's complaint. The court is limited "to a consideration of the facts alleged in the complaint. A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted."Doe v. Marselle, 38 Conn. App. 360, 364, 660 A.2d 871, cert. granted, 235 Conn. 915, 665 A.2d 606 (1995); see also Cavallo v.Derby Savings Bank, 188 Conn. 281, 285-86, 449 A.2d 986 (1982). "Where the legal grounds for . . . a motion [to strike] are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." LiljedahlBros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). Accordingly, the defendant's motion to strike the second count of the complaint is denied.
B. Third Count: Slander
In moving to strike the third count, the defendant argues that the plaintiff's slander claim is legally insufficient because he fails to allege that a non-privileged "publication" of the defamatory statement was made to a third party, and because he fails to allege that his reputation was harmed. In response, the plaintiff argues that any conditional privilege that the defendant might have had was lost due to the defendant's malice, improper motive and bad faith. The plaintiff also argues that the issue of privilege is properly raised as a special defense.
In the third count, the plaintiff alleges that the defendant made false statements about the plaintiff to the police, and that the defendant did so with malice. These allegations are sufficient for purposes of pleading a legally sufficient slander claim, as harm to the plaintiff's reputation may be implied from the allegations in the complaint. With respect to the issue of privilege, whether the privilege is absolute or qualified, it "is an affirmative defense in a defamation action and must, therefore, be specially pleaded by the defendant." Miles v. Perry, 11 Conn. App. 584,594 n. 8, 529 A.2d 199 (1987), citing Monczport v.Csongradi, 102 Conn. 448, 450-51, 129 A. 41 (1925), and Haight v.Cornell, 15 Conn. 73, 82 (1842). Moreover, to properly decide whether the defendant could avail herself of the affirmative CT Page 4115 defense of privilege, the court would have to consider facts outside the complaint. "It is a question of fact for a court or jury . . . to determine whether the defendant has abused a conditional privilege." Miles v. Perry, supra, 11 Conn. App. 594
n. 8. Thus, the issue of privilege is not properly addressed in the context of a motion to strike. Accordingly, the defendant's motion to strike is denied as to the third count.
BALLEN, JUDGE