[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DATED MARCH 18, 1996.
Defendant's Motion for Summary Judgment is denied in part and granted in part.
The motion is denied as to the First Count of the Amended Complaint alleging retaliatory discharge, and the Second Count, alleging loss of consortium.
In deciding a motion for summary judgment, the court does not try issues of fact, but only determines if there are issues to be tried. The party moving for summary judgment has the burden of demonstrating that, viewing the facts and the reasonable inferences in a light most favorable to the nonmoving party, there are no genuine issues of material fact to be tried. Summary judgment is often inappropriate in complex cases and in cases where the motive and intent of the parties are at issue. Batick v. Seymour, 186 Conn. 632, 646-47
(1982); United Oil Co. v. Urban Redevelopment Commission.158 Conn. 364, 375 (1969). See also Gallo v. PrudentialResidential Services, 22 F.3d 1219 (1994); Brotherton v.Burndy Corp., 2 Conn. L. Rptr. 508, 510 (Sept. 25, 1990) (Fuller, J.) Whether an employee has been terminated for a legitimate reason or an inappropriate or pretextual reason is typically an issue to be determined by the trier of fact.Coelho v. Posi-Seal International, Inc., 208 Conn. 106, 122
(1988). Review of the record indicates that there are sufficient issues of material fact in dispute to require a trial as to Counts One and Two. See Practice Book Sections CT Page 972 378 et seq. See also cases cited by plaintiff Anna Rodziewicz at pages 7 through 11 of her April 15, 1996, memorandum of law in opposition; also see documentation submitted by plaintiff in opposition to the summary judgment motion, including but not limited to plaintiff Anna Rodziewicz's April 15, 1996, affidavit (Exhibit D); the discharge summary and correspondence from Dr. Zelman; the October 2, 1992, deposition of Anna Rodziewicz (Exhibit H); the April 30, 1993, deposition of Roger Laroche (Exhibit I); and the deposition of Kazimierz Rodziewicz dated October 9, 1992, at pages 35-36, and 56. See also Ford v. Blue Cross Blue Shield,216 Conn. 40 (1990).
The motion is granted as to the Third and Fourth Counts.
The Third Count alleges intentional infliction of emotional distress against Dr. John Harbut and Maryann Rockwell.
As defendants point out, for a plaintiff to establish a claim for intentional infliction of emotional distress under Connecticut law, it must be alleged and proven that the actor intended to inflict emotional distress or knew or should have known that emotional distress was a likely outcome of the actor's conduct; that the actor's conduct was extreme and outrageous; that the actor's conduct caused plaintiff's distress; and that the emotional distress suffered by plaintiff was severe. DeLaurentis v. New Haven 220 Conn. 225,266-67 (1981); Peytan v. Ellis 200 Conn. 243, 253 (1986).
In this case, considering the full record in light of the strong and frequently stated reasons which often militate against granting motions for summary judgment, as noted above, I conclude nonetheless that plaintiff has failed to provide support her claim of intentional infliction of emotional distress against defendant Maryann Rockwell. See cases cited by defendants at pages 32-33 and see deposition excerpt of plaintiff cited at page 34 of defendants' March 18, 1996, memorandum of law. As defendants correctly note, merely telling an employee he or she has been laid off, as upsetting as that might be to the employee, provides no basis for a claim of intentional infliction of emotional distress against the person delivering this unhappy news. Nor does conduct that is merely insulting or poor manners. Mellaly v. EastmanKodak Co., 42 Conn. Sup. 17 (1991). The evidence in the record CT Page 973 is wholly insufficient to support the claim against defendant Rockwell. See plaintiff Anna Rodziewicz's deposition at pages 61-63, where she indicates defendant Rockwell never did anything intending to cause her emotional distress.
The record does not support a claim for unintentional infliction of emotional distress against Dr. Harbut, either. Plaintiff has failed to provide a factual basis for the court to conclude, on the present record, that Dr. Harbut engaged in conduct which is conduct exceeding all bounds usually tolerated by decent society, see DeLaurentis v. New haven,supra, at 267, citing Peytan v. Ellis, and which is "utterly intolerable in a civilized society," Restatement (Second) of Torts, Section 46, comment d (1965). Even viewing the facts in the light most favorably to plaintiff as the court must,see e.g., the deposition excerpts upon which plaintiff relies, referenced at page 40 of plaintiff's April 15, 1996, memorandum of law in opposition, there is no evidence in the record of conduct which is "extreme and outrageous;" nor is there evidence from which it can be concluded that Dr. Harbut knew or should have known that plaintiff would be exposed to emotional distress as a consequence of his actions. The few comments and limited conduct attributed to Dr. Harbut, and his alleged laughter, are not sufficient to support the claim. Nor are the allegations concerning his alleged refusal to honor a work authorization. See plaintiff Anna Rodziewicz's deposition at 34, 35, 36, 68, 78, and 103. See also Dr. John Harbut's November 11, 1992 affidavit.
Because the Fourth Count (loss of consortium) is derivative of the Third Count, in light of the above ruling, the motion for summary judgment is granted as to that count as well.[1]
Douglas S. Lavine, Judge, Superior Court.
ENDNOTE