[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendants Strouse Adler and Paul McDonald move to strike plaintiff Nina Luedee's revised complaint in its entirety as legally insufficient.
In this action, plaintiff claims that her resignation from employment at Strouse Adler Co., her employer for twenty-two years, amounted to a constructive discharge. The plaintiff alleges that while she was employed by Strouse Adler, as a credit/personnel manager, she was discriminated against based on her age. Specifically, the plaintiff contends that her salary, benefits, stock options and bonuses were less than younger employees, having less responsibility than the plaintiff. The plaintiff further alleges she was unable to rectify this disparity with senior management. At one point, she was told by her supervisor, defendant Paul McDonald, that "[i]f you're not happy with what's going on, you should not be here!" (Revised CT Page 1025 Complaint, count one, ¶ 10.) The plaintiff further alleges that a senior manager informed her that management "massaged the numbers" in order to terminate older employees.
According to the plaintiff, her working conditions became so intolerable that she was forced to resign. Specifically, the plaintiff alleges: that she was unable to perform her job duties because senior management completely ignored her; that she was ignored by McDonald whenever she attempted to implement personnel decisions; that she was ignored by senior management when a disgruntled employee made an attempt against her life; and that she was ignored by McDonald when she informed him that she worked weekends and her pay should reflect her additional work. (Revised Complaint, count one, ¶¶ 12-15.)
On July 24, 1997, the plaintiff filed a six count revised complaint against the defendants, Strouse Adler and McDonald, setting forth the following causes of action: count one, directed at Strouse Adler, alleges age discrimination in violation of General Statutes § 46a-60 (a)(1); count two, directed at McDonald, alleges intentional infliction of emotional distress[1]; count three, directed at Strouse Adler, alleges negligent infliction of emotional distress[2]; count four, directed at Strouse Adler, alleges breach of implied contract of employment[3]; count five, directed at Strouse Adler, alleges breach of duty to act in good faith[4]; and count six, directed at Strouse Adler, alleges negligent misrepresentation[5].
On August 7, 1997, the defendants filed this motion to strike all six counts of the plaintiff's revised complaint as legally insufficient. A memorandum of law in support of the motion was also filed. On September 23, 1997, the plaintiff filed an opposing memorandum.
"The function of a motion to strike is to test the legal sufficiency of a pleading . . . . The role of the trial court is to examine the complaint, construed in favor of the plaintiffs, to determine whether the pleading party has stated a legally sufficient cause of action." (Brackets omitted; citations omitted; internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions
stated in the pleadings." (Emphasis in the original.) Mingachosv. CBS. Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "If facts CT Page 1026 provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997).
A. Count One — Age Discrimination in Violation of General Statutes § 46a-60 (a)(1).
The defendants move to strike count one of the revised complaint on the ground that the facts set forth in this count are not sufficient to support a claim of constructive termination from employment. The defendants contend that the "alleged `opposition' of management to a pay raise, the comment by McDonald, and being `ignored' are not conditions which a reasonable person would feel are so difficult and intolerable that they would feel forced to resign." (Memorandum of Law in Support of Motion to Strike, p. 4.) In opposition, the plaintiff maintains that she has pleaded sufficient facts to support a claim for constructive discharge. In support of her argument, the plaintiff relies on several federal circuit cases.
"Constructive discharge occurs when an employer renders an employee's working conditions so difficult and intolerable that a reasonable person would feel forced to resign . . . . A claim of constructive discharge must be supported by more than the employee's subjective opinion that the job conditions have become so intolerable that he or she was forced to resign." (Citations omitted; internal quotation marks omitted.) Seery v. Yale-NewHaven Hospital, 17 Conn. App. 532, 540, 554 A.2d 757 (1989); see also Chertkova v. Connecticut General Life Ins., 92 F.3d 81 (2nd Cir. 1996). "[A] claim of constructive discharge must be dismissed as a matter of law unless the evidence is sufficient to permit a rational trier of fact to infer that the employer deliberately created working conditions that were so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." (Internal quotation marks omitted.) Stetson v. Nynex Service Co., 995 F.2d 355 (2nd Cir. 1993) Paolillo v. Dresser Industries, Inc., 865 F.2d 37 (2nd Cir. 1989); Greenberg v. Hilton Intern, Co., 870 F.2d 926 (2nd Cir. 1989). "Normally, an employee who resigns is not regarded as having been discharged, and thus would have no right of action for abusive discharge . . . . Through the use of constructive discharge, the law recognizes that an employee's `voluntary' resignation may be, in reality, a dismissal by the employer." (Citation omitted; internal quotation marks omitted.) Seery v.CT Page 1027Yale-New Haven Hospital, supra, 17 Conn. App. 540.
In the present case, the plaintiff alleges the following facts in count one of her revised complaint: that the plaintiff's salary, benefits, stock options and bonuses were less than younger employees that had less responsibility than the plaintiff; that she was met with opposition by senior management when she attempted to rectify this disparity; that she was told by McDonald that "[i]f you're not happy with what's going on, you should not be here!"; that senior management "massaged the numbers" in order to terminate older employees; that she was unable to perform her job duties because senior management completely ignored her; that whenever she attempted to implement personnel decisions, she was ignored by McDonald; that she was ignored by senior management when her life was threatened; and that she was ignored by McDonald when she requested that her pay be brought up to scale to reflect her additional work on weekends. (Revised Complaint, count one, ¶¶ 8-15.) As a result, the plaintiff alleges that her working conditions were so intolerable that she was forced to resign.
Viewing the revised complaint in a light most favorable to the plaintiff, the court finds that the plaintiff has stated a legally sufficient claim for constructive discharge. The facts as alleged, including the facts "necessarily and fairly provable under them", support more than the plaintiff's subjective opinion that the job conditions became so intolerable that she was forced to resign. Accordingly, the defendants' motion to strike count one of the revised complaint is hereby denied.
B. Counts Four, Five and Six.
The defendants move the court to strike counts four, five and six of the revised complaint, alleging breach of implied contract, breach of duty of good faith, and negligent misrepresentation, respectively, as legally insufficient. Specifically, the defendants argue that these counts incorporate the constructive discharge claim set forth in count one of the revised complaint. Therefore, the defendants maintain that because the plaintiff failed to sufficiency allege constructive termination in count one of the revised complaint, counts four, five and six of the revised complaint must also be stricken.
As stated above in part A, the plaintiff has sufficiently stated a claim for constructive discharge in count one of the CT Page 1028 revised complaint. Accordingly, the motion to strike counts four, five and six of the plaintiff's revised complaint is hereby denied.
C. Count Two — Intentional Infliction of Emotional Distress.
The defendants move to strike count two of the revised complaint on the grounds that the plaintiff has failed to plead facts sufficient to constitute extreme and outrageous conduct on the part of McDonald. In response, the plaintiff contends that she has sufficiently alleged extreme and outrageous conduct. The plaintiff also argues that whether the conduct alleged is extreme and outrageous constitutes a question of fact properly determined by the jury.
In order to establish a claim for intentional infliction of emotional distress, the plaintiff must plead that the defendant's conduct was extreme and outrageous.[6] Petyan v. Ellis,200 Conn. 243, 253, 510 A.2d 1337; Drew v. K-Mart Corp.,37 Conn. App. 239, 251, 655 A.2d 806 (1995). The issue of whether the defendant's conduct rises to the level of extreme and outrageous behavior is a question of law to be decided by the court. Mellalyv. Eastman Kodak Co., 42 Conn. Sup. 17, 18, 597 A.2d 846 (1991) see also Reed v. Signode Corporation, 652 F. Sup. 129, 137
(D.Conn. 1986). "Only where reasonable minds can differ does it become an issue for the jury." Mellaly v. Eastman Kodak Co.,supra, 42 Conn. Sup. 18. For conduct to be considered extreme and outrageous, it must exceed "all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." (Internal quotation marks omitted.) DeLaurentis v. New Haven,220 Conn. 225, 267, 597 A.2d 807 (1991); see also Petyan v. Ellis,supra, 200 Conn. 254 n. 5. According to the Restatement, "[l]iabilty has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous!'." (Internal quotation marks omitted.) Mellaly Eastman Kodak Co.,supra, 42 Conn. Sup. 20, citing 1 Restatement (Second), Torts § 46, comment (d). Conduct on the part of the defendant, however, "that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an CT Page 1029 action based on intentional infliction of emotional distress."Mellaly v. Eastman Kodak Co., supra, 42 Conn. Sup. 19; see alsoBrown v. Ellis, 40 Conn. Sup. 165, 167, 484 A.2d 944 (1984) (stating "[s]uch conduct may, however, give rise to a cause of action where the defendant is aware of the peculiar sensitivities of the plaintiff.").
In the present case, the plaintiff alleges in count two of the revised complaint, which incorporates the allegations contained in count one of the revised complaint, that McDonald made "the plaintiff's position at [Strouse Adler] insignificant and irrelevant" and that McDonald "ignored" the plaintiff whenever she attempted to implement personnel decisions. (See Revised Complaint, count two, ¶ 17, and count one, ¶ 13.) The plaintiff also alleges that McDonald told her that "[i]f you're not happy with what's going on, you should not be here!" (Revised Complaint, count one, ¶ 10.)
The allegations contained in count two of the revised complaint are legally insufficient to allege extreme and outrageous conduct. These facts, even viewed in a light most favorable to the plaintiff, do not rise to the level of extreme and outrageous conduct under Connecticut law. The plaintiff's revised complaint simply does not allege conduct which exceeds "all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress." DeLaurentis v. New Haven, supra, 220 Conn. 267; Petyanv. Ellis, supra, 200 Conn. 254 n. 5. Accordingly, the defendants' motion to strike count two of the revised complaint is granted.[7]
D. Count Three — Negligent Infliction of Emotional Distress.
The defendants seek to have count three of the revised complaint stricken as legally insufficient. According to the defendants, McDonald's actions were neither extreme or outrageous as a matter of law, nor did they occur in the process of terminating Luedee from her employment. In opposition, the plaintiff contends that she has sufficiently alleged a claim of negligent infliction of emotional distress. Moreover, the plaintiff asserts that she is not required to allege that the emotional distress occurred during the termination process.
To sustain a cause of action for negligent/unintentional infliction of emotional distress, "the plaintiff has the burden of CT Page 1030 pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.) Parsons v.United Technologies Corp., 243 Conn. 66, 88, 700 A.2d 655 (1997). In the employment context, negligent infliction of emotional distress "arises only where it is based upon unreasonable conduct of the defendant in the termination process . . . . The mere termination of employment, even where it is wrongful, is therefore not, by itself, enough to sustain a claim for negligent infliction of emotional distress. The mere act of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior" (Citation omitted; internal quotation marks omitted.) Id. 88-89. "It is likely that a person whose employment is terminated will suffer some degree of stress and anxiety regardless of whether the termination was lawful and proper or wrongful and tortious in nature." Saloomeyv. A Child's Garden, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324092 (April 24, 1996, Levin, J.).
"Rather, a complaint must allege more, for instances, that the actual termination was . . . done in an inconsiderate, humiliating, or embarrassing manner." (Internal quotation marks omitted.) Protasewich v. Combustion Engineering, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 552146 (March 3, 1997, Lavine, J.); see also Saloomeyv. A Child's Garden, Inc., supra, Superior Court, Docket No. 324092; Skierkowski v. Creative Graphics Services, Inc., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 463242 (May 5, 1995, Handy, J.).
The operative allegations of the third count of the revised complaint are that as a result of Strouse Adler's failure to prevent McDonald's "willful, intentional, extreme and outrageous actions" the plaintiff suffered severe emotional distress; Strouse Adler knew that failure to take remedial actions against McDonald would cause the plaintiff to suffer severe emotional distress; and Strouse Adler negligently subjected the plaintiff to emotional distress by turning a blind eye to the actions of McDonald which Strouse Adler knew would result in emotional pain. (Revised Complaint, count three, ¶¶ 18-19.)
Construing the above allegations in a light most favorable to the plaintiff, the plaintiff has not alleged facts, which, if CT Page 1031 proven, may be deemed unreasonable conduct on the part of the defendant during the termination process. Accordingly, the defendants' motion to strike count three of the revised complaint is hereby granted.
Conclusion.
To summarize, the defendants' motion to strike counts one, four, five, and six of the revised complaint is hereby denied. The defendants' motion to strike counts two and three of the revised complaint is granted.
Christina G. Dunnell, Judge, Superior Court