[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT # 126
The plaintiff, Freeman Troche, was a New Haven firefighter and emergency medical technician (EMT). In September of 1994, he informed John Ferraro, a reporter with the New Haven Register, that in his opinion the emergency vehicles in the New Haven firefighting and EMT units were not in proper condition. As a result of Troche's information, the Register published a story concerning the alleged defectiveness of the emergency vehicles. Approximately thirteen days after the publication of the story, Troche was transferred from his position in a firefighting unit with an EMT crew to one without an EMT crew. The plaintiff claims CT Page 9003 that this transfer amounted to a demotion and that it affected him financially.
The plaintiff further alleges that on or about September 26, 1994, the defendant John Smith, the Fire Chief of the New Haven Fire Department, while being interviewed by Ferraro concerning Smith's transfer, defamed the plaintiff. Specifically, Troche, who is black, claims that Smith, who is white, stated to the reporter that the plaintiff "had been a major problem" within the New Haven Fire Department, and that "even the blacks don't like him." The defendant's statements were published in an article in the Register on September 27, 1994. The plaintiff asserts that, as a result of the Smith's allegedly libelous statements, he has suffered damage both to his reputation and mental well being.
Counts one through three of the plaintiff's complaint are directed at Smith in his individual capacity and allege, respectively: (1) libel per se, (2) intentional infliction of emotional distress and (3) negligent infliction of emotional distress. The fourth count, directed at the city of New Haven, seeks indemnification. The defendants have now moved for summary judgment as to all four counts of the plaintiff's complaint.
In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988)." [T]he genuine issue aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can be warrantably inferred." United Oil Co. v.Urban Development Commission, 158 Conn. 364, 378-79, 260 A.2d 596
(1969). "In deciding motions for summary judgment, the trial court is obliged to construe the evidence in the light most favorable to the nonmoving party. . . . The test to be applied would be whether a party would be entitled to a directed verdict on the same facts. "(Citation omitted; internal quotation marks omitted.) Gabrielle v. Hospital of St. Raphael,33 Conn. App. 378, 382-83, 635 A.2d 1232, cert. denied, 228 Conn. 928,640 A.2d 115 (1994). "A trial court's decision to direct a verdict can be upheld only when the jury could not reasonably, and legally have reached any other conclusion Ciarelli v. Romeo,46 Conn. App. 277, 282, 699 A.2d 217 (1997); see also Mullen v. Horton,46 Conn. App. 759, 763, 700 A.2d 1377 (1997) (directed verdict CT Page 9004 rendered only where, on the evidence viewed in light most favorable to nonmovant, trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed).
I. Libel Per Se
The plaintiff's first count alleges a claim of libel per se against the defendant Smith. "Whether a published article is libelous per se must be determined upon the face of the article itself. The statements contained therein, taking them in the sense in which common and reasonable minds would understand them, are determinative, and they may not for this purpose be varied or enlarged by innuendo. . . . Two of the general classes of libel which, it is generally recognized, are actionable per se are (1) libels charging crimes and (2) libels which injure a man in his profession and calling." (Citation omitted.) Proto v. BridgeportHarold Corporation, 136 Conn. 557, 565-66, 72 A.2d 820 (1950);Charles Parker Co. v. Silver City Crystal Co., 142 Conn. 612,116 A.2d 440 (1955).
Although the parties have extensively briefed aspects of the defamation issue, neither party has addressed whether the statements themselves, on their face, are sufficient to sustain a claim of libel per se.[1] During oral argument, however, the court specifically raised this precise issue with the parties because a determination of whether a statement is libelous per se is a question of law, not fact. "Whether a publication is libelous per se is a question for the court." (Internal quotation marks omitted.) Battista v. United Illuminating Co., 10 Conn. App. 486,492, 523 A.2d 1356 (1987). "When a libel is expressed in clear and unambiguous terms, the question whether it is libelous per se is one of law for the court." (Internal quotation marks omitted.)Elinsky v. Marlene, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 557659 (October 31, 1997, Hale, J.T.R.). Since the issue of whether the statements are libelous per se was raised by the court during oral argument, and because it is a question of law for the court to decide, the court will address the issue here.
The plaintiff does not claim that the defendant charged him with the commission of a crime. Instead, he alleges that the defendant's statements "erroneously suggested improper conduct on the part of the plaintiff." "[L]ibel is actionable per se if it charges improper conduct or lack of skill or integrity in one's CT Page 9005 profession or business and is, of such a nature that it is calculated to cause injury to one in his profession or business." (Emphasis added; internal quotation marks omitted.) Miles v.Perry, 11 Conn. App. 584, 601, 529 A.2d 199 (1987).
The two comments, taken on their face, do not charge the plaintiff with a lack of skill or integrity in his profession or business. Nor do the comments purport to reflect on the conduct of the plaintiff in his job performance. It is clear from the plain language of the comments, in addition to the tone of the entire article, that the comments had nothing to do with Troche's job performance, but rather that they were directed at his personality as perceived both by the defendant and other members of the Fire Department.
Smith's first statement, "that guy's been a major problem," standing alone, cannot to be elevated to the level of libel per se as a matter of law. Libel per se requires that the reader clearly understand, from the plain language of the statement, that the publisher is charging the plaintiff with improper conduct, skill or integrity in his business practices or profession. Simply stating that a person is a "major problem," by itself, does not import sufficient information to the reader for him or her to have a reasonable basis for believing that the speaker is referring to the plaintiff's professional practices or skills.
Furthermore, the sentence immediately following the defendant's statement puts the former comment into context. That sentence reads: "Smith declines to discuss Troche's jobperformance or whether he had been disciplined." (Emphasis added.) This follow-up sentence is important because it totally undermines any possible inference that Smith was associating his "major problem" comment with Troche's job performance and compels the conclusion that Smith was referring to Troche's personality and attitude.
The second comment attributed to Smith, "[e]ven the blacks (in the department) don't like him," merely amplifies his first statement. Moreover, the statement itself, when taken at face value, is not libelous per se. It is no more than a comment about what others in the department think of Troche personally and neither charges him with the commission of a crime nor calls into question his integrity, skill, or conduct in performing his profession. To be sure, the statement was imprudent and CT Page 9006 insensitive, perhaps the inverse of the kind of subliminal prejudice expressed in such comments as "some of my best friends are black," but it is still constitutionally protected speech. See Goodrich v. Waterbury Republican-American, Inc.,188 Conn. 107, 117-18, 438 A.2d 1317 (1982).
Therefore, the two statements, when viewed individually or collectively within the context of the article, are not libelous per se. The complaint's allegation that the statements erroneously suggested improper conduct on the part of the plaintiff is unsupported and indeed belied by the undisputed facts. The plaintiff himself is quoted as saying that the "(fire officials) have said they don't like my attitude. But the patients haven't complained about my work. No one has complainedabout my work." (Emphasis added.) See Exhibit A to Plaintiff's Complaint. The undisputed facts establish that Smith's comments related to Troche's personal characteristics and not his professional attributes. The defendants' motion for summary judgment with respect to the first count is therefore granted.
II. Intentional Infliction of Emotional Distress
In the second count, the plaintiff alleges that Smith knew or should have known that his comments would inflict severe emotional distress upon the plaintiff. Specifically, he claims that Smith acted in an extreme and outrageous manner that went "beyond all bounds of reason and decency." This court respectfully disagrees.
For the plaintiff to maintain an action for intentional infliction of emotional distress against the defendants, "four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . ." DeLaurentis v. New Haven,220 Conn. 225, 266-67, 597 A.2d 807 (1991). Because the court finds that
the defendant's actions were not extreme and outrageous as a matter of law, a determination which is dispositive of this count, the court will confine its analysis to this element of the claim. CT Page 9007
"Whether the defendant's conduct and the plaintiff's resulting distress are sufficient to satisfy either of these elements is a question, in the first instance, for this court. Only where reasonable minds can differ does it become an issue for the jury." (Citations omitted; internal quotation marks omitted.) Mellaly v. Eastman Kodak Co., 42 Conn. Sup. 17, 18-19,597 A.2d 846 (1991).[2] "Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." (Internal quotation marks omitted.)Delaurentis v. New Haven, supra, 220 Conn. 267. "[L]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Kintner v. Nidec-TorinCorp., 652 F. Sup. 112 (D. Conn. 1987). "Mere insult, indignities, or annoyances that are not extreme and outrageous will not suffice." Jeffress v. Yale University, Superior Court, judicial district of New Haven at New Haven, Docket No. 386866 (August 28, 1997, Silbert, J.); Brown v. Ellis,40 Conn. Sup. 165, 167, 484 A.2d 944 (1984).
The defendant's statements, "that guy is a major problem," and "even the blacks don't like him," fall well short of the type of conduct necessary to support a claim for intentional infliction of emotional distress. These statements, although possibly hurtful, are more akin to ordinary, commonplace insults, which people living in a society such as ours should reasonably expect to encounter from time to time.
Furthermore, the cases cited in the plaintiff's memorandum in opposition to the defendants' motion are factually distinguishable from the present action. In Mellaly v. Eastman Kodak Co.,42 Conn. Sup. 17, 597., A.2d 846 (1991), the plaintiff suffered from alcoholism, and the defendant, with full knowledge of the plaintiff's condition, taunted, harassed and encouraged the plaintiff to go get drunk. The defendant also yelled and screamed at the plaintiff regarding his alcoholism, harassed the plaintiff at home, and frequently threatened the plaintiff with the loss of his job. Id., 2 1. Surely, the difference between the conduct complained of in Mellaly v. Eastman Kodak Co., and that in this case is one of kind, not degree. The conduct in Mellalyis readily identifiable as extreme and outrageous as a matter of law; the conduct in this case is not. CT Page 9008
Moreover, in Murray v. Bridgeport Hosp., 40 Conn. Sup. 56,480 A.2d 610 (1984), a Superior Court decision, the court did not apply the rule of law that a court may, in the first instance, determine whether conduct is extreme or outrageous as a matter of law. Instead, it ruled that whether a defendant's conduct is extreme or outrageous is a question of fact. Id., 62. Therefore, the decision is not particularly instructive here, as is true of the decision in Brown v. Ellis, 40 Conn. Sup. 165, 484 A.2d 944
(1984) (court applied question of fact standard); see alsoSettembri v. American Radio Relay League, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 393198 (March 27, 1992, Schaller, J.) (6 Conn. L. Rptr. 701).
To date, no Connecticut appellate authority has ruled on the issue of whether extreme and outrageous behavior may be determined as a matter of law. This court believes, however, that despite the split among Superior Court judges, the better reasoned decisions are the more recent ones that provide for the court to make such a threshold determination. See Saloomey v. AChild's Garden, Inc., Superior Court, judicial district of New Haven, Docket No. 324092 (April 24, 1996, Levin, J.); Mellaly v.Eastman Kodack Co., 42 Conn. Sup. 17, 597, A.2d 846 (1991, Berdon, J.). Because the undisputed facts establish that the statements in question were not extreme and outrageous as a matter of law, the defendant's motion for summary judgment as to the second count is granted.
III. Negligent Infliction of Emotional Distress
The plaintiff's third count alleges that Smith's statements negligently caused him to suffer severe emotional distress. Smith contends that the undisputed facts establish that his comments, could not reasonably have subjected the plaintiff to the risk of suffering severe emotional distress.
The Connecticut Supreme Court first recognized a cause of action for negligent infliction of emotional distress inMontinieri v. Southern New England Telephone Co., 175 Conn. 337,345, 398 A.2d 1180 (1978). The Court concluded that in "order to state a claim, the plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.) Parsons v. UnitedCT Page 9009Technologies Corp., 243 Conn. 66, 88, 700 A.2d 655 (1997). Furthermore, the emotional distress brought on by the defendant's conduct "requires that the fear or distress experienced by the plaintiff be reasonable in light of the conduct of the (defendant]." Barrett v. Danbury Hospital, 232 Conn. 242, 261,654 A.2d 748 (1995). The court finds it entirely unreasonable for the plaintiff to claim that Smith should have realized that his comments would cause the plaintiff severe emotional harm. The defendant's comments merely restated an apparently common and fairly benign sentiment in the fire department that the plaintiff was not liked by his peers; a claim that the plaintiff does not altogether deny. In the September 27th article, Ferraro wrote, "Troche acknowledged that he had complained often about the way the department was run and that many of his fellow workers don'tlike him." (Emphasis added.) See Exhibit A of Plaintiff's Complaint. Therefore, since Troche knew that many of his fellow workers did not like him, it could not have come as a tremendous shock when Smith stated what the plaintiff already knew. Any claim that it was the difference between what he already knew (that many of his fellow workers didn't like him) and what Smith stated (that, in particular, fellow workers of the same racial heritage didn't like him) that produced distress leading to severe emotional harm, is too farfetched to be given credence.
Moreover, the plaintiff was quoted in the newspaper article as stating that despite the fire officials' actions toward him, "[they] don't scare me . . . [t]hey try, but it doesn't work." (Emphasis added.) See Exhibit A to Plaintiff's Complaint. While this comment standing alone would not be sufficient as a basis for granting summary judgment as to this count, Troche's statement that he was unaffected by the conduct of the fire officials, including Smith, prior to the defendant's comments, in and of itself provides further evidence of the unreasonableness of his claim. If the fire officials' intentional attempts to "scare him" caused no distress, the two comments attributed to Smith could not have done so either, and because because Smith knew of Troche's attitude toward the fire officials before he made his statements, he could not possibly have anticipated that telling a reporter that Troche was a "major problem" and that "even the blacks don't like him" could subject Troche to an unreasonable risk of emotional harm. The defendants' motion for summary judgment as to the third count of the complaint is therefore granted.
Because, as the result of granting the motion for summary CT Page 9010 judgment as to counts one, two and three, there are no underlying causes of action upon which to base the plaintiff's claim for indemnification, summary judgment is also granted as to count four.
In summary, for the foregoing reasons, the defendants' motion for summary judgment is granted with respect to all four counts of the plaintiff's complaint.
Jonathan E. Silbert, Judge