[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action arises out of the defendants temporary suspension of the plaintiff from his Little League coaching position. The plaintiff alleges that he allowed a child to play baseball despite instructions to the contrary. Thereafter, the plaintiff was suspended and a police officer telephoned the plaintiffs wife, stating that the plaintiff would be arrested if he stepped onto the field at the 1993 All-Star game. No claim is made against the police officer. The plaintiff attended the game, but did not step onto the field.
The plaintiff has filed an amended two-count complaint alleging intentional infliction of emotional distress (count one) and negligent infliction of emotional distress (count two). The defendants move for summary judgment on the ground that the plaintiffs allegations do not support either of his claims.
"`Practice Book § 384 [now Practice Book (1998 Rev.) § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Miller v. United Technologies Corp.,233 Conn. 732, 744-45, 660 A.2d 810 (1995).'" Hertz Corp. v. Federal Ins.Co., 245 Conn. 374, 380-81, 713 A.2d 820 (1998), quoting Doty v.Mucci, 238 Conn. 800, 805-06, 679 A.2d 945 (1996). A court may grant summary judgment where "a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp. ,233 Conn. 732, 751, 660 A.2d 810 (1995). "Only where reasonable minds can differ does it become an issue for the jury. Reed v. Signode Corporation, 652 F. [Sup. ] 129, 137 (D. Conn. 1986); 1 Restatement (Second), Torts § 46, comment (h) (on the issue of extreme and outrageous conduct) and comment (j) (on the issue of severe emotional distress) ." Mellaly v. Eastman Kodak Co.,42 Conn. Sup. 17, 19-20, 597 A.2d 846 (1991). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.' (Internal quotation marks omitted.) Barrett v. Danbury Hospital,232 Conn. 242, 250, 654 A.2d 748 (1995)." Elliott v. Waterbury,245 Conn. 385, 391, 715 A.2d 27 (1998). "`Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment. See Practice Book § 381 [now Practice Book CT Page 2621 (1998 Rev.) § 17-46].' (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, [202-03], 663 A.2d 1001 (1995)." Great Country Bank v. Pastore,241 Conn. 423, 436, 696 A.2d 1254 (1997). "While the plaintiffs deposition testimony is not conclusive as a judicial admission; General Statutes § 52-200; it is sufficient to support entry of summary judgment in the absence of contradictory competent affidavits that establish a genuine issue as to a material fact."Collum v. Chapin, 40 Conn. App. 449, 450 n. 2, 671 A.2d 1329
(1996) "`Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its claim with evidence disclosing the existence of such an issue.'" Beers v.Bayliner Marine Corp. , 236 Conn. 769, 771 n. 4, 675 A.2d 829
(1996), quoting Haesche v. Kissner, 229 Conn. 213, 217,640 A.2d 89 (1994)
 I
The defendants argue that the plaintiff has failed to show sufficiently extreme and outrageous conduct on the part of the defendants to give rise to a claim for intentional infliction of emotional distress. In support, the defendants submit excerpts from the transcript of the plaintiffs deposition.
The plaintiff argues that the question of whether the conduct of the defendants was extreme and outrageous is a question of fact for the jury. Further, the plaintiff argues that courts have found conduct extreme and outrageous in less egregious circumstances than those alleged by the plaintiff. Although the plaintiffs memorandum in opposition to the motion for summary judgment provides an extensive list of cases involving the infliction of emotional distress, the memorandum fails to address the particular allegations of the plaintiffs amended complaint or to provide any evidence to support his arguments.
To state a claim for intentional infliction of emotional distress, "`[i]t must be shown: (1) that the actor intended to inflict emotional distress; or that he know or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendants conduct was the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the plaintiff was severe. Hiers v. Cohen, 31 Conn. Sup. 305, 329 A.2d 609 (1973); 1 Restatement (Second) Torts § 46.' Petyan v. Ellis, CT Page 2622 [200 Conn. 243, 253, 510 A.2d 1337 (1986)], quoting Murray v. Bridgeport Hospital, 40 Conn. Sup. 56, 62, 480 A.2d 610 (1984)." DeLaurentisv. New Haven, 220 Conn. 225, 266-67, 597 A.2d 807 (1991). "Liability for intentional infliction of emotional distress requires "conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind. Petyan v. Ellis, supra, [200 Conn.] 254 n. 5, quoting W. Prosser W. Keeton, Torts (5th Ed.) § 12, p. 60." Id., 267. "[I]nsults, indignities, threats, annoyances, petty oppressions, or other trivialities, do not justify a claim of intentional infliction of emotional distress. Petyan v. Ellis, 200 Conn. 243,253, 510 A.2d 1337 (1986)
"Whether alleged conduct is sufficiently extreme or outrageous, is a question, in the first instance, for the court."Mellaly v. Eastman Kodak Co., supra, 42 Conn. Sup. 19-20. None of the elements of intentional infliction of emotional distress exist here.
No reasonable person could find that the defendants suspension of the plaintiff, after he had allowed a child to play baseball in violation of instructions not to do so, or their having a police officer warn the plaintiff that he would then be arrested if he stepped onto the Little League field, was done with the intention to inflict emotional distress on the plaintiff or that the defendants should have known that such distress would likely result. Nor, indeed, was this conduct outrageous.
In those cases where the courts have held that there was a question of material fact as to whether behavior was sufficiently extreme or outrageous to give rise to an intentional tort, the circumstances have been particularly egregious. See, e.g.,Williams v. Bridgeport Hospital, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 329039 (July 20, 1998) (defendant, a doctor, made a crude comment about a procedure he was performing to a woman about to bear her first child[1]); Cucuel v. Fayed, Superior Court, judicial district of Fairfield, Docket No. 315420 (February 28, 1997) (plaintiffs employers "induced him to give up his career with the police department, misrepresented their intent to hire him for three years, terminated him without cause, and opposed his entitlement to unemployment benefits"); Brown v. Ellis, 40 Conn. Sup. 165,165-68, 484 A.2d 944 (1984) (defendant employer demanded that an employee known to have a fear of heights take photographs from CT Page 2623 high places).
Such facts do not exist here. The plaintiff admitted in argument before this court that the league had the power to suspend him and instruct him not to go onto the playing field. Even taking into account the involvement of a police officer, the defendants behavior amounts to precisely the kind of "insults, indignities, threats, annoyances, petty oppressions, or other trivialities," that the supreme court has held cannot justify a claim of intentional infliction of emotional distress. Petyan v.Ellis, supra, 200 Conn. 253.
Nor did the defendants conduct cause the plaintiff severe distress. In the plaintiffs deposition, the following exchange took place:
"Q My question, though, is I'm more concerned about what your feelings were rather than the feelings of the children.
"A My feelings were I was very hurt, it was very difficult."
This statement is the only evidence before the court indicating the impact of the defendants actions on the plaintiffs emotional state. "Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress. Mellaly v. EastmanKodak Co., 42 Conn. Sup. 17, 19, 597 A.2d 846 (1991). The motion for summary judgment as to count one is granted.
 II
The defendants further argue that the plaintiff cannot reasonably claim that his suspension for disobeying his supervisor gives rise to a claim of negligent infliction of emotional distress. The defendants analogize the plaintiffs suspension to a termination of employment, arguing that employment termination case law does not support a claim for negligent infliction of emotional distress absent allegations of unreasonable conduct in the termination process.
The plaintiff argues that the gravity of the defendants conduct should be determined by a jury because it is a question of fact. CT Page 2624
To state a claim for negligent infliction of emotional distress, "the plaintiff has the burden of pleading that "the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm. [Montimeri v. Southern New England Telephone Co.,175 Conn. 337, 345, 398 A.2d 1180 (1978) .1" Parsons v. United TechnologiesCorp. , 243 Conn. 66, 89, 700 A.2d 655 (1997). "[T]he real issue [in these cases] is one of foreseeability. . . ." (Internal quotation marks omitted.) Doe v. Cuomo, 43 Conn. Sup. 222, 233,649 A.2d 266 (1994). "Whether the defendant knew or should have realized that his conduct involved an unreasonable risk of causing distress to the plaintiff, and whether the defendant should have realized that such distress, if caused, might result in illness or bodily harm to the plaintiff, as alleged in the complaint, are factual issues to be determined by the jury." Id., 237.
During argument before this court, the plaintiff virtually conceded that the defendants behavior did not run the risk of resulting in bodily harm. Furthermore, the plaintiff has neither alleged in his complaint nor demonstrated with supporting evidence, facts showing that there was any risk, known or unknown, of the defendants behavior resulting in bodily harm.[2]
This is not a close case. The defendants motion for summary judgment is granted as to both counts one and two of the amended complaint.
BY THE COURT
Bruce L. LevinJudge of the Superior Court