HUBERT J. MELLALY *v.* EASTMAN KODAK COMPANY

SUPERIOR COURT · JUDICIAL DISTRICT OF NEW HAVEN · FILE NO. 299229

Memorandum filed July 11, 1991

*Tyler, Cooper & Alcorn,* for the plaintiff.
*Thomas E. Crosby,* for the defendant.

BERDON, J. The defendant Eastman Kodak Company moves to strike the first count of the plaintiff Hubert J. Mellaly's complaint, which alleges a cause of action for intentional infliction of emotional distress. Connecticut recognizes such a cause of action if the following elements are present: " '(1) that the actor intended to inflict emotional distress; or that he knew or should have known that the emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe.' " *Petyan* v. *Ellis,* 200 Conn. 243, 253, 510 A.2d 1337 (1986), quoting *Murray* v. *Bridgeport Hospital,* 40 Conn. Sup. 56, 62, 480 A.2d 610 (1984). The defendant bases its motion on the claim that the allegations of the complaint do not satisfy the second requirement of the rule, that the conduct was extreme and outrageous, and the fourth requirement, that the emotional distress was severe.

Whether the defendant's conduct and the plaintiff's resulting distress are sufficient to satisfy either of these elements is a question, in the first instance, for this court. Only where reasonable minds can differ does it become an issue for the jury. *Reed* v. *Signode Corporation,* 652 F. Sup. 129, 137 (D. Conn. 1986); 1 Restate-

ment (Second), Torts § 46, comment (h) (issue of extreme and outrageous conduct)[1] and comment (j) (issue of severe emotional distress).[2] Since the defendant raises these issues by a motion to strike,[3] the court is limited to the facts alleged in the complaint. *King* v. *Board of Education,* 195 Conn. 90, 93, 486 A.2d 111 (1985). Additionally, the court must construe them in a manner most favorable to the plaintiff; *Morris* v. *Hartford Courant Co.,* 200 Conn. 676, 678, 513 A.2d 66 (1986); and if facts provable under the allegations would support the cause of action, the motion to strike must fail. *Mingachos* v. *CBS, Inc.,* 196 Conn. 91, 108–109, 491 A.2d 368 (1985).

Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress. "So far as it is possible to generalize from the cases, the rule which seems to have emerged is that there is liability for conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially

---

[1] "It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery, or whether it is necessarily so. Where reasonable men may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to result in liability." 1 Restatement (Second), Torts § 46, comment (h).

[2] "It is for the court to determine whether on the evidence severe emotional distress can be found; it is for the jury to determine whether, on the evidence, it has in fact existed." 1 Restatement (Second), Torts § 46, comment (j).

[3] The more appropriate manner of testing whether the conduct and emotional distress reached the threshold required by the rule would be by a motion for summary judgment. See *Reed* v. *Signode Corporation,* 652 F. Sup. 129 (D. Conn. 1986); *Collins* v. *Gulf Oil Corporation,* 605 F. Sup. 1519, 1521–23 (D. Conn. 1985). The court under a motion for summary judgment is able to consider the actual facts rather than those that could be proved under the allegations of the complaint construed in a manner most favorable to the plaintiff.

calculated to cause, and does cause, mental distress of a very serious kind." W. Prosser & W. Keeton, Torts (5th Ed. 1984), § 12, p. 60. The Restatement puts it as follows: "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' " 1 Restatement (Second), Torts § 46, comment (d).

The plaintiff's claims arise out of his employment with the defendant while working under the plaintiff's assigned supervisor, Robert Kane. "The extreme and outrageous character of the conduct may arise from an abuse by the actor of a position, or a relation with the other, which gives him actual or apparent authority over the other, or power to affect his interests." 1 Restatement (Second), Torts § 46, comment (e).

Furthermore, the "extreme and outrageous character of the conduct may arise from the actor's knowledge that the other is peculiarly susceptible to emotional distress, by reason of some physical or mental condition or peculiarity. The conduct may become heartless, flagrant, and outrageous when the actor proceeds in the face of such knowledge, where it would not be so if he did not know." 1 Restatement (Second), Torts § 46, comment (f). This factor is also present in this case. The plaintiff alleges that the defendant knew, prior to his employment, that he had the disease of alcoholism, that he was a recovering alcoholic with approximately eleven years of continuous abstinence from alcohol, and that Kane's egregious conduct was based upon this knowledge.

The plaintiff alleges further that Kane "taunted and harassed the plaintiff about his alcoholism and recovery, urging the plaintiff to handle his alcohol and go get drunk"; that he "indiscriminately yelled and screamed at the plaintiff regarding his recovery from alcoholism, telling the plaintiff no one cares about the plaintiff's recovery and admonishing the plaintiff not to speak about his recovery to any customers"; that "he harassed the plaintiff concerning the plaintiff's free time, frequently telephoning the plaintiff at home, on days off, and or vacation days"; that he "frequently threatened the plaintiff with the loss of the plaintiff's job"; that he "expressed numerous resentments and ill feelings directly and indirectly to the plaintiff"; and that he "harassed the plaintiff concerning the plaintiff's health, attacking his need to seek medical tests in the summer of 1987 and attacking his medical treatment following the plaintiff's fall on the job in September, 1989." Within the context that Kane supervised the plaintiff and knew of his disease of alcoholism, Kane's conduct reached the required threshold of outrageousness. It is, therefore, an issue for the trier of fact.

Likewise, the emotional distress alleged by the plaintiff is sufficient. It is alleged, in part, that as a result of Kane's conduct, the plaintiff became depressed, lost sleep, suffered from anxiety attacks, stress and felt physical pain, including high blood pressure, and suffered from rashes, skin problems and a swollen face resulting from anxiety. Proof under these allegations could reach the required level of distress which "no reasonable [person] could be expected to endure . . . ." 1 Restatement (Second), Torts § 46, comment (j).

Accordingly, the motion to strike is denied.