[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE NO. 113
On August 16, 1996, the plaintiff filed a four count revised complaint against his former employer, Pace Motor Lines. The complaint seeks damages arising out of the plaintiff's alleged wrongful discharge and asserts: (1) a violation of General Statutes § 31-290a(b); (2) negligent infliction of emotional distress; (3) reckless infliction of emotional distress; and (4) intentional infliction of emotional distress.[1]
On September 18, 1996, the defendant filed a motion to strike the second, third and fourth counts of the plaintiff's revised complaint. At short calendar, the parties agreed that the court should strike the third count.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in he complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). The court must consider the facts which are necessarily implied and fairly provable under the allegations but need not consider legal conclusions or opinions stated in the complaint. S.M.S. TextileMills, Inc. v. Brown, Jacobson, Tillinghast, Lahan and King,P.C., 32 Conn. App. 786, 796, 631 A.2d 340, cert. denied,228 Conn. 903, 634 A.2d 296 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id.
I.
CT Page 5987
The defendant moves to strike the second count of the plaintiff's revised complaint on the ground that it "fails to allege any facts suggesting unreasonable conduct of the defendant during the termination process or at the time of the discharge." In support of its motion the defendant relies upon several superior court decisions striking claims for emotional distress in the employment context where the complaint fails to allege facts demonstrating improper conduct in the termination process. See Lund v. Stern Company, Inc., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 463413 (April 4, 1995, Stengel J.) ("Negligent infliction of emotional distress in the employment context arises only where it is based upon unreasonable conduct of the defendant in the termination process."); Saloomey v. A Child's Garden, Inc.,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324092 (April 24, 1996, Levin, J.) ("mere termination of employment, even if wrongful, is not enough to sustain a claim for negligent infliction of emotional distress"); Parsonsv. Sikorsky Aircraft, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 280394 (March 1, 1996, Levin, J.).[2]
In Morris v. Hartford Courant Co., 200 Conn. 676, 681-82,513 A.2d 66 (1986), the Connecticut Supreme Court affirmed the trial court's decision to strike a two-count complaint alleging wrongful discharge and unintentional infliction of emotional distress. The trial court concluded that the first count did not allege a cause of action for wrongful discharge and "[h]aving found no actionable discharge in the first count, the [trial] court concluded there was no breach of duty as alleged in the second count." Id., 681.
The Supreme Court agreed with the trial court that the first count did not state a claim for wrongful discharge, but held that such a determination does not "ineluctably lead to the conclusion that a cause of action for infliction of emotional distress cannot be based upon the conduct of the defendant employer." Id., 681-82. Finding that the trial court's reason for striking the second count was erroneous, the Supreme Court nevertheless upheld the trial court's granting of the motion on the alternate ground because the plaintiff had failed to allege "that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused might result in illness or bodily harm." Id., 683-84. CT Page 5988
Unlike the cases relied upon herein by the defendant,Morris does not hold that a claim for negligent infliction of emotional distress exists only where it is based upon unreasonable conduct in the termination process. The court there indicates that facts demonstrating either a wrongful discharge (in the sense that the discharge was in violation of some public policy) or unreasonable conduct in the termination process will support a common law claim for emotional distress. Id., 681-683.
We are not here concerned with a wrongful discharge. The gravamen of the defendant's objection to the second count is that the plaintiff fails to allege facts suggesting "unreasonable conduct" in the discharge process. The case law on this point suggests that for conduct to be unreasonable in the employment termination context, it must be conduct that is "inconsiderate, embarrassing or humiliating" to the employee to the point where the employer should have anticipated that employee would suffer emotional distress as a result of being subjected to same. See, Lund v. Stern Company, Inc., supra;Leniart v. CS Distributors, Inc., Superior Court, Hartford J.D., (1/21/94, Corradino, J.); Parsons v. Sikorsky AircraftDivision, supra.[3]
Paragraphs 12 and 13 of plaintiff's complaint appear to summarize the conduct complained of as unreasonable.[4] However, even if these allegations are construed in a manner most favorable to the plaintiff, Novametrix Medical Systems, Inc. v.Bog Group, supra, at most they suggest that the employer may have discharged the plaintiff for the wrong reasons. Such conduct does not exemplify conduct which is "inconsiderate, embarrassing or humiliating" especially since plaintiff, himself, has characterized them as merely "false, pretexual and without cause or reason. See, paragraph #14, second count.
Since plaintiff has failed to allege facts suggesting unreasonable conduct, the second count should be and hereby is STRICKEN.
 II.
The defendant also argues that count four is legally insufficient because "the facts alleged do not rise to the level of extreme and outrageous conduct as a matter of law." The CT Page 5989 defendant argues that the mere fact of termination cannot constitute extreme and outrageous conduct.
A claim for the intentional infliction of emotional distress must establish: "(1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe."DeLaurentis v. New Haven, 220 Conn. 225, 266-67, 597 A.2d 807
(1991). Whether the defendant's conduct may be regarded as so extreme and outrageous as to permit recovery is a question of law for the court. Mellaly v. Eastman Kodak Co.,42 Conn. Sup. 17, 19 n. 1, 597 A.2d 846 (Sup.Ct. 1991). Only where reasonable minds can differ does it become a question of fact for the jury. Id. "Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." (Internal quotation marks omitted.) DeLaurentis v. New Haven,
supra, 267.
The fourth count alleges that the plaintiff was injured on the job and timely filed a claim for unemployment benefits but that the defendant refused to acknowledge that the injury occurred, informed the plaintiff not to fill out an accident report, refused to allow the plaintiff to "book off", and refused to allow the plaintiff to seek medical attention for his injuries. The fourth count also alleges that the defendants gave pretextual reasons for discharging the plaintiff.
Conduct which will pass muster as "extreme and outrageous" is typically that which if heard by a member of the community at large would arouse his resentment against the actor and would "[l]ead him to exclaim `Outrageous'. Mellaly v. Eastman Kodak,Co., supra 20.
The plaintiff's allegations, although in factual form, as a matter of law fall far short of this test. Accordingly, this court concludes that the fourth count of plaintiff's revised complaint should be, and is hereby STRICKEN.
In summary, the court has granted defendant's motion to strike the second and fourth counts of the plaintiff's revised CT Page 5990 complaint; the court has also granted the defendant's motion to strike the third count by agreement of the parties.
MELVILLE, JUDGE