[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
On September 22, 1997, the plaintiff, Maria DiBiaso-Senese, filed a four count amended complaint[1] against the defendant, The Mystic Motor Inn, Inc., for damages allegedly sustained by the plaintiff in the course of her wedding and reception on the defendant's premises. In count three, the plaintiff asserts a cause of action sounding in negligent/intentional infliction of emotional distress. On October 3, 1997, the defendant filed a motion to strike count three of the plaintiff's complaint on the ground that the plaintiff has "failed to state a claim upon which relief can be granted."[2] On February 13, 1997, the plaintiff filed a memorandum in opposition to the defendant's motion to strike.
A motion to strike is used to challenged "the legal sufficiency of the allegations of any complaint. . . to state a claim upon which relief can be granted." Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems. Inc. v. BOC Group. Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
"For the plaintiff to prevail in a case for liability under. . . [the intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." Petyan v. Ellis, 200 Conn. 243, 253,510 A.2d 1337 (1986). To survive a motion to strike, all four elements must be pleaded. Lippold v. N-Store Opportunities,
Superior Court, judicial district of New Haven at New Haven, Docket No. 396741 (September 8, 1997, Zoarski, J.).
The plaintiff alleges that the defendant "willfully, recklessly, or negligently" committed a number of acts which "under the circumstances, and taken separately or cumulatively constituted extreme and outrageous conduct which caused the plaintiff to suffer severe emotional distress which the defendant knew or should have known she would suffer. . ." Among the acts enumerated by the plaintiff as constituting the extreme and outrageous conduct are: 1. lack of direction afforded to wedding CT Page 7600 guests as to the site of the wedding ceremony and the receiving line following the ceremony; 2. inadequate seating for guests; 3. poor quality of food and its service; 4. loss of electrical power and failure to allow use of an available generator; 5. rudeness and lack of professionalism demonstrated by defendant's staff.
The defendant argues in its memorandum in support of its motion to strike that the plaintiff fails to state a cause of action for intentional infliction of emotional distress or negligent infliction of emotional distress. With regard to the plaintiff's claim for intentional infliction of emotional distress, the defendant argues that the plaintiff fails to allege extreme and outrageous conduct on the defendant's part or that the plaintiff suffered severe emotional distress. The plaintiff argues in opposition that the court should examine the context under which the alleged conduct occurred so as not to conclude as a matter of law that the defendant's conduct was not extreme and outrageous — that the question should be left for the trier of fact.
"Whether the defendant's conduct and the plaintiff's resulting distress are sufficient to satisfy [the elements outlined in Petyan v. Ellis. supra] is a question, in the first instance, for [the] court. Only when reasonable minds can differ does it become an issue for the jury. Reed v. SignodeCorporation, 652 F. Sup. 129, 137 (D. Conn. 1986); 1 Restatement (Second), Torts § 46, comment (h) (issue of extreme and outrageous conduct) and comment (j) (issue of severe emotional distress)." Mellaly v. Eastman Kodak Co., 42 Conn. Sup. 17, 18-19,597 A.2d 846 (1991, Berdon, J.). Conduct that is merely insulting or displays bad manners or results in hurt feelings is not sufficient to form the basis for an action based upon intentional infliction of emotional distress. Id., 19; Brown v. Ellis,40 Conn. Sup. 165, 484 A.2d 944 (1984, McDonald, J.).
Construing the facts in the complaint in the light most favorable to the plaintiff, as this court must do; Faulkner v.United Technologies Corp., supra, 240 Conn. 580; this court concludes that while the alleged conduct of the defendant and its employees may have been unprofessional and insulting to the plaintiff, it does not amount to the extreme and outrageous conduct that must be pleaded and proved in an action for intentional infliction of emotional distress and does not support the plaintiff's legal conclusion that the defendant's acts "constituted extreme and outrageous conduct. . ." As for the CT Page 7601 requirement that the plaintiff plead extreme emotional distress, the plaintiff's allegations also fall short. The plaintiff alleges that the defendant's conduct "caused [her] to suffer severe emotional distress which the defendant knew or should have known she would suffer and which she continues to suffer and will continue to suffer for an indefinite period of time." This allegation, which is not supported by any facts, is a conclusion of law that cannot withstand a motion to strike. Novametrix v.Medical Systems. Inc. v. BOC Group. Inc., supra, 224 Conn. 215.
The defendant also argues that the plaintiff fails to allege facts to support a claim for negligent infliction of emotional distress. The plaintiff has not addressed the issue of the sufficiency of her pleadings as to the negligent infliction of emotional distress claim in her memorandum in opposition to the defendant's motion to strike.
To recover in an action for negligent infliction of emotional distress, a plaintiff must plead and prove that the defendant knew or should have known that (1) its conduct involved an unreasonable risk of causing emotional distress and (2) that distress, if it were caused, might result in illness or bodily harm. Buckman v. People Express Inc., 205 Conn. 166, 173,530 A.2d 596 (1987). Even construing the plaintiff's allegations, as previously outlined in this decision, in the light most favorable to the plaintiff, the plaintiff fails to allege facts from which it could be found that the defendant knew or should have known that its conduct involved an unreasonable risk of causing emotional distress and that any distress caused by its conduct might result in illness or bodily harm. The plaintiff's allegation that the defendant's conduct "caused the plaintiff to suffer severe emotional distress which the defendant knew or should have known she would suffer and which she continues to suffer and will continue to suffer for an indefinite period of time," is a conclusion of law.
Accordingly, the plaintiff fails to allege sufficient facts to support a cause of action in either negligent or intentional infliction of emotional distress and the defendant's motion to strike count three of the plaintiff's complaint is therefore granted.
Koletsky, J.