[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has agreed to re-plead Count 8 of the complaint and to withdraw Count 6. Therefore, the only motion this court CT Page 5090 must consider is the motion to strike Count 5, alleging Intentional Infliction of Emotional Distress. The parties agreed that the determination of whether to grant or deny the motion regarding Count 8 would similarly determine the motion to strike the 10th count of the Complaint.
Because this court finds, that the count 8 does not sufficiently allege such extreme and outrageous behavior as would support such a claim, the defendant's motion to strike is granted. Additionally, Count 10 is stricken.
"In order to establish a claim for intentional infliction of emotional distress, the plaintiff must plead that the defendant's conduct was extreme and outrageous. Petyan v. Ellis,200 Conn. 243, 253, 510 A.2d 1337; Drew v. K-Mart Corp. , 37 Conn. App. 239,251, 655 A.2d 806 (1995). The issue of whether the defendant's conduct rises to the level of extreme and outrageous behavior is a question of law to be decided by the court. Mellaly v. EastmanKodak Co., 42 Conn. Sup. 17, 18, 597 A.2d 846 (1991) see also,Reed v. Signode Corporation, 652 F. Sup. 129, 137 (D.Conn. 1986). Only where reasonable minds can differ does it become an issue for the jury. Mellaly v. Eastman Kodak Co., supra,42 Conn. Sup. 18. For conduct to be considered extreme and outrageous, it must exceed all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind. (Internal quotation marks omitted.) DeLaurentis v. New Haven, 220 Conn. 225, 267,597 A.2d 807 (1991); see also, Petyan v. Ellis, supra, 200 Conn. 254 n. 5. According to the Restatement, [l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous!' Mellaly Eastman Kodak Co., supra, 42 Conn. Sup. 20, citing 1 Restatement (Second), Torts § 46, comment (d)." (Internal Quotation Marks Omitted) Luedee v. Strouse Adler Co., Superior Court, judicial district of New Haven at Meriden. Docket No. CV 97-0257057 (Jan. 29, 1998, Dunnell, J., 1998 Ct. Sup. 1024,1028).
The facts pled in the plaintiff's complaint, though CT Page 5091 unfortunate, fail to rise to the level necessary to pled intentional emotional distress.
ANGELA CAROL ROBINSON, Judge, SUPERIOR COURT