[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (#109)
The plaintiff, Jason Dietz ("Dietz"), has brought this tort action against the defendant, Hamden Hall County Day School ("Hamden Hall"). Dietz was a student at the school until he was expelled in April of 1999. This lawsuit arises from the circumstances surrounding his CT Page 9339 expulsion.
Dietz's Revised Amended Complaint dated December 31, 1999 is in five counts. Count one alleges negligent misrepresentation. Count two alleges negligent infliction of emotional distress. Count three alleges unfair trade practices. Count four alleges intentional or reckless infliction of emotional distress. Count five alleges negligent infliction of economic loss. Hamden Hall has moved to strike all five counts.
 STANDARD OF REVIEW
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Practice Book § 10-39; Peter-Michael, Inc. v. SeaShell Associates, 244 Conn. 269, 270 (1998). For the purpose of a motion to strike, the moving party admits all facts well pleaded. RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2 (1994). The court must construe the facts in the complaint most favorably to the plaintiff. Faulkner v. United Technologies Corp., 240 Conn. 576, 580
(1997).
The role of the trial court in ruling on a motion to strike is to examine the complaint, construed in favor of the plaintiff, to determine whether the plaintiff has stated a legally sufficient cause of action.Napoletano v. Cigna Healthcare of Connecticut, Inc., 238 Conn. 216,232-33 (1996). In ruling on a motion to strike the court is limited to the facts alleged in the complaint. Waters v. Autori, 236 Conn. 820, 825
(1996). If the facts provable in the complaint would support a cause of action, the motion to strike must be denied. Moreover, what is necessarily implied in the allegation need not be expressly alleged.Pamela v. Ment, 244 Conn. 296, 308 (1998).
Count One: Negligent Misrepresentation
In count one, Dietz alleges negligent misrepresentation. The allegations in count one may be summarized as follows:
In April of 1999, Dietz was in the final semester of his senior year at Hamden Hall. During his senior year, Dietz frequently skipped classes and in other ways violated school rules. Hamden Hall was aware of this behavior which was contrary to Dietz's prior pattern of conduct. Despite this knowledge, Hamden Hall neglected to notify Dietz's family of his difficulties in a reasonably prompt manner thereby effectively concealing this information from them. As a result, Dietz suffered severe emotional distress. Dietz continued his nonconforming behavior resulting in Hamden Hall expelling him from school on April 12, 1999. Thereafter, on April CT Page 9340 15, 1999, Dietz and Hamden Hall entered into a "purported agreement" that allowed Dietz to be readmitted to school on condition that he follow a regimen of attendance and checking-in with school officials that Hamden Hall "well knew, or should have known, its officials could not or would not honor." Revised Amended Complaint Paragraph 11. Thereafter Dietz was deceived into believing that certain portions of the readmission agreement had been waived by Hamden Hall because Hamden Hall officials consistently failed to comply with them resulting in Dietz omitting to comply with them as well. Dietz reasonably relied on Hamden Hall's indications of waiver to his detriment. As a consequence of Dietz's omissions in compliance with the readmission agreement, Hamden Hall again expelled him on April 29, 1999. Hamden Hall's conduct resulted in Dietz suffering economic loss and severe emotional distress.
Hamden Hall has moved to strike this count on two grounds. The first and primary ground advanced as to this count, as well as all of the counts of the complaint, is that Dietz's allegations amounts to a claim of educational malpractice that the Connecticut Supreme Court has declined to recognize. The second ground is that count one fails to adequately plead a cause of action for negligent misrepresentation because there is no allegation that Hamden Hall made any representation to Dietz that was untrue at the time it was purportedly made.
As to the first ground, Hamden Hall relies on Gupta v. New BritainHospital, 239 Conn. 574 (1996) to support its contention that Connecticut does not recognize a cause of action for educational malpractice. Gutpa
involved a suit by a physician who was dismissed from a residency program at the defendant hospital. Id., 575. The trial court granted the hospital's motion for summary judgment ruling that the residency agreement created an educational relationship rather than an employment relationship and that the physician's dismissal was an academic rather than an employment decision. Id., 580-81. On appeal, the Supreme Court concluded that "[w]here the essence of the complaint is that [an educational institution] breached its agreement by failing to provide an effective education, the court is . . . asked to evaluate the course of instruction [and] called upon to review the soundness of the method of teaching that has been adopted by [t]hat educational institution . . . This is a project that the judiciary is ill equipped to undertake." (Citations omitted; internal question marks omitted.) Id., 590.
In analyzing the physician's breach of contract claim, the Supreme Court in Gupta stated, "[in] reality, a claim such as that advanced by the plaintiff raise[s] questions concerning the reasonableness of conduct by educational institutions in providing particular educational services to student-questions that must be answered by reference to principles of duty, standards of care, and reasonable conduct associated with the law CT Page 9341 of torts . . . Because these tort principles are difficult, if not impossible, to apply in the academic environment, courts have almost universally held that claims of `educational malpractice' are not cognizable. Among other problems for adjudication, these claims involve the judiciary in the awkward tasks of defining what constitutes a reasonable educational program and of deciding whether that standard has been breached . . ." Id., 590-91.
The clear import of Gupta is a rejection of a cause of action for negligent education or education malpractice. Count one, however, does not assert that Hamden Hall was negligent in educating Dietz. Count one claims that Hamden Hall knew, or should have known, that the conditions in the readmission agreement would not be honored by its own officials and that such a situation would deceive Dietz to his detriment. Resolution of this issue does not implicate the policy concerns discussed in Gupta.
As to Hamden Hall's second ground, it may fairly be inferred that Hamden Hall allegedly knew, or should have known, that the reporting regimen that was a condition of the readmission agreement could not be fulfilled because its officials would not honor it. For purposes of a motion to strike, this assertion adequately alleges the supplying of false information for the guidance of others so as to support a cause of action for negligent misrepresentation. See Restatement (Second) Torts § 552.
The court observes that negligent misrepresentation is an economic tort and that Dietz's claim of severe emotional distress is misplaced. Notwithstanding this surplusage, count one adequately pleads a cause of action for negligent misrepresentation and the motion to strike is denied.
Count Two: Negligent Infliction of Emotional Distress
In count two, Dietz realleges the factual claims made in count one summarized above and further claims that such conduct involved an unreasonable risk of causing him to suffer emotional distress that might result in illness or bodily harm, and as a result he suffered severe emotional distress. Count two alleges negligent infliction of emotional distress.
In order to maintain a cause of action for negligent infliction of emotional distress, the plaintiff must plead and establish that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm. Morris v. HartfordCT Page 9342Courant Co., 200 Conn. 676, 683 (1986).
Hamden Hall has moved to strike count two on the ground that Gupta v. NewBritain Hospital, supra, bars such claims. The court agrees.
The gravamen of count two is that Hamden Hall, knowing that Dietz was engaging in behaviors indicative of adolescent difficulties that could adversely affect his life, neglected to notify his family in a timely manner effectively concealing the difficulties. As a result, Dietz suffered severe emotional distress. Unlike count one, this allegation does implicate the exercise of professional judgment by Hamden Hall in the educational context. A claim that Hamden Hall negligently exercised such judgment cannot be maintained. Brodsky v. The Mead School For HumanDevelopment, Superior Court, judicial District of Stamford-Norwalk, No. DN X05 CV97 0156788S (June 4, 1999).
The motion to strike count two is granted.
Count Three: CUTPA
Count three alleges violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes § 42-110a et seq. Dietz realleges the facts supporting count one, summarized above, asserting that Hamden Hall's conduct constituted an unfair and deceptive trade practice.
In Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559 (1995), the Supreme Court upheld the trial court's ruling setting aside a CUTPA verdict on the ground that it was grounded solely on negligent misrepresentation as opposed to intentional fraud. Id., 590 n. 24, 593. In the present case, while the court has upheld the negligent misrepresentation allegations in count one, those same facts do not support a cause of action of negligent infliction of emotional distress. See discussion regarding count two above. With respect to the CUTPA count, the Gupta policy considerations are entitled to even greater weight because ordinarily professional negligence cannot form the basis of a CUTPA violation. Haynes v. Yale New Haven Hospital, 243 Conn. 17, 38
(1997).
Dietz's claim of unfair trade practices grounded in the context of educational decision-making are insufficient to support a viable cause of action under CUTPA. The motion to strike count three is granted.
Count Four: Intentional Infliction of Emotional Distress
Dietz claims that Hamden Hall's conduct as summarized above was "extreme and outrageous and was carried out with the knowledge that it CT Page 9343 probably would cause the plaintiff to suffer emotional distress." Amended Revised Complaint, count four Paragraph 14. Hamden Hall claims that, as a matter of law, Dietz's allegations cannot be characterized as extreme or outrageous and therefore the count must be stricken.
There are four elements to the tort of intentional infliction of emotional distress: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. DeLaurentis v. New Haven, 220 Conn. 225, 266-67
(1991). "Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature that is especially calculated to cause, and does cause mental distress of a very serious nature . . ." Id. Whether the defendant's conduct was extreme and outrageous is a question, in the first instance, for the court. Only when reasonable minds can differ does it become an issue for the jury. Mellaly v. Eastman Kodak Co.,42 Conn. Sup. 17, 20 (1991).
As discussed above, the allegation here is that Hamden Hall agreed to allow Dietz back into school a few months before the end of his senior year under terms that it knew its officials would not honor and who, in fact, did not honor. Thereafter, Hamden Hall used Dietz's noncompliance to expel him when such noncompliance was the result of its own deceit. Whether Dietz can actually prove this claim is another matter, but for purposes of a motion to strike the court must take the allegation to be true. A trier might construe that conduct to exceed the bounds tolerated by a decent society and evidence an intent to cause injury.
The motion to strike count four is denied.
Count Five: Negligent Infliction of Economic Loss
Dietz does not object to this count being stricken. The motion to strike count five is granted.
Conclusion
For the reasons set forth above: the motion to strike count one (negligent misrepresentation) is denied; the motion to strike count two (negligent infliction of emotional distress) is granted; the motion to strike count three (CUTPA) is granted; the motion to strike count four (intentional infliction of emotional distress) is denied; and the motion to strike count five (negligent infliction of economic loss) is granted. CT Page 9344
So ordered at New Haven, Connecticut this 25 day of July, 2000.
Devlin, J.