[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this Court is a motion filed by defendants, Terrell Moorehouse and Yale University, for summary judgment. The plaintiff filed a memorandum in opposition to which Defendant Botwick filed a Supplemental Memorandum in response. Counts 1 through 4 state claims for Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress.
The pertinent facts as alleged are as follows. The plaintiff claims that she was criticized on more than one occasion by her supervisor, Ms. Moorehouse, while she was employed by Yale University in the Engineering Department. The plaintiff claims that during one interaction with the defendant, Ms. Moorehouse snatched documents from the plaintiff's hands. The plaintiff also alleges that one occasion following a meeting with Ms. Mooerhouse when she went to the office door to leave Ms. Moorehouse's office, the defendant "grabbed [her] hand and said: "Leave the door alone; you're not going to be here." Deposition of the plaintiff p. 68. As a result of these incidents the plaintiff took a ten month leave of absence, during which she claims to have suffered extreme emotional distress.
The defendants argue that this conduct, as alleged, is neither extreme nor outrageous. The defendants also claim, that the plaintiff has failed to assert sufficient facts to establish that her emotional distress was extreme.
Counts One and Two: Intentional Infliction of Emotional Distress
The law in Connecticut provides that for the plaintiff to maintain an action for intentional infliction of emotional distress against the defendant,
 "four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or CT Page 12068 that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . ."
 DeLaurentis v. New Haven, 220 Conn. 225, 266-67, 597 A.2d 807 (1991).
"Whether the defendant's conduct and the plaintiff's resulting distress are sufficient to satisfy. . . these elements is a question, in the first instance, for [the] court. Only where reasonable minds can differ does it become an issue for the jury. Reed v. Signode Corp., 652 F. Sup. 129,137 (D.Conn., 1986); 1 Restatement (Second), Torts section 46, comment (h) (issue of extreme and outrageous conduct) and comment (j) (issue of severe emotional distress)." Mellaly v. Eastman Kodak Co.,42 Conn. Sup. 17, 18-19, 597 A.2d 846 (1991) (Berdon, J.).
"Liability for intentional infliction of emotional distress requires conduct that exceeds "all bounds usually tolerated by decent society . . .' Petyan v. Ellis, supra 200 Conn. at 245, n. 5, 510 A.2d 1337, quoting W. Prosser W. Keeton, Torts (5th Ed. 1984) section 12, p. 60. "Liability has been only found where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded atrocious, and utterly intolerable in a civilized community . . . "Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." Appelton v. Board of Education,254 Conn. 205, 210-211, 757 A.2d 1059 (2000). This outrageous conduct must not only "[exceed] all bounds usually tolerated by decent society, [but it must also be] of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." (Internal quotation marks omitted.) DeLaurentis v. New Haven, supra, 220 Conn. 267.
The defendants do not raise a meaningful challenge to the allegations relating to elements 1 and 3 of an intentional infliction of emotional distress claim. Specifically, the defendants do not argue in their brief that the plaintiff has failed to establish intent; and/or causation[1]. Therefore, the court will not address those elements in this decision, and deems them to be sufficiently established. The only elements over which there is argument are the ones which mandate that a claim must assert extreme or outrageous conduct and that a claim must be for severe emotional distress.
So the question is: can this court conclude, as a matter of law, that CT Page 12069 the conduct alleged is not extreme and outrageous; and can the court conclude, as a matter of law, that the emotional distress claimed by the plaintiff is not severe?
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership,243 Conn. 552, 554, 707 A.2d 15 (1998). "A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence." (Citation omitted; internal quotation marks omitted.) UnitedOil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 378, 260 A.2d 596
(1969). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Id., 379.
To resolve the issues in dispute, regarding allegations asserting an intentional infliction of emotional distress claim, the court first turns to the facts as provided by the plaintiff.
The facts relied upon by the plaintiff to support her claim for Intentional Infliction of Emotional Distress claim are that: the defendant insulted and demeaned a group of staff members, which included the plaintiff; when handing a requested document to the defendant, the defendant "roughly grabbed the document from the plaintiff's hands, shouting: "Give it to me! You're not the Business Manager'" the defendant shouted at her; the defendant told the plaintiff "you are getting out of here. Do you hear me? If it's the last thing I do YOU are getting out of here"; and the defendant lunged at the plaintiff and grabbed her hand when the plaintiff attempted to exit the defendant's office. The incidents allegedly took place during a few of encounters from February to March in 1999.
The defendants argue that this conduct falls far short of the requirement for extreme or outrageous behavior. The defendants characterize the conduct of the defendant as "complaints [by a supervisor] of the quality of [the plaintiff's] work." Memorandum in CT Page 12070 Support of Motion for Summary Judgment, p. 7. The plaintiff, comparing the behavior in this instant matter to that in cases allowing these claims to go forward, paint the conduct of the defendants as exceeding the bounds. The plaintiff further argues that even if this court does not agree that the conduct is sufficiently extreme or outrageous, it should not act as a "seventh juror" in making factual findings which would best be left to the trier of fact, most likely a jury.
There is no question that the verbal interactions described by the plaintiff fall far short of the requirement for conduct which is extreme and outrageous. If the criticisms, and even the alleged shouting, were the totality of the behavior that the plaintiff claims to be actionable, this court would grant the defendants' motion, without hesitation. However, the plaintiff alleges, physical threats, and physical contact, too. On two occasions, the plaintiff claims that the defendant either physically touched her in an objectionable way (when the defendant allegedly grabbed the plaintiff's hands from a door knob) or interacted with her in a manner consistent with physical intimidation (when the defendant allegedly snatched papers from the plaintiffs hands). These allegations, of physical contact or physical threats are sufficient to put into issue whether or not the conduct of the defendant was, in fact, extreme or outrageous.
A review of the cases addressing the definition and parameters of extreme and outrageous conduct in intentional infliction of emotional distress cases reveals that courts do not typically strike claims or grant judgments where physical contact has occurred. The defendants in their briefs have not addressed the allegations relating to physical contact. Rather, they argue that the words stated by the defendant and the manner in which she stated them do not support a claim for intentional infliction emotional distress. In this case, though, the plaintiff claims that the defendant did more than merely utter mean or critical words. Because the plaintiff asserts that the conduct of the defendant included physical contact, which might reasonably be deemed extreme and outrageous by a trier of fact, this court cannot grant the defendants' motion. Accordingly, this court holds, that the defendants are not entitled to judgment on the issue of whether or not the conduct of the defendant was, in fact, extreme and outrageous. This is an issue which must be resolved by the fact-finder.
Similarly, the court holds that there is a factual dispute as to whether or not the plaintiff's emotional distress is severe. The defendants argue that her injuries are no more than would be experienced by anyone who suffered an adverse employment outcome. The standard requires that the distress must be at a level "which no "reasonable CT Page 12071 [person] could be expected to endure . . .' 1 Restatement (Second), Torts Section 46, comment (j)." Mellaly v. Eastman Kodak Co., 42 Conn. Sup. 17,21, 597 A.2d 846 (1991).
The plaintiff claims that as a result of the conduct of the defendant she: "became physically ill, was unable to sleep and the following morning required emergency medical care for extremely elevated blood pressure and severe emotional distress." Additionally, the plaintiff alleges that she was placed on antidepressant medications for several months and was under the care of a doctor as a result of the conduct of the defendant. The defendants counter these allegations with claims that the plaintiff had hypertension already and that her complaints are common to those who are having problems on their job. The defendant cites a federal court case, Almonte v. Coca-Cola Bottling Co., 959 F. Sup. 569,575-76 (D. Conn, 1997) to support the proposition that "sleeplessness, depression, anxiety . . . are . . . common among employees who have been fired, regardless of the circumstances."
This court cannot conclude, as a matter of law, that the symptoms alleged by the plaintiff are not severe. It will be for the fact-finder to make this determination. The plaintiff has claimed far more than hurt feelings, and as such, the motion must be denied on this ground.
The court is bound to determine, in the first instance, whether the alleged conduct is arguably extreme and outrageous; and whether the emotional distress is arguably severe. This court concludes that the facts, as alleged and asserted by the plaintiff put the issue in dispute as to whether the conduct of the defendant violated the law and as to whether her resulting condition is severe. Therefore, defendants' motion for summary judgment on the Intentional Infliction of Emotional Distress claims is denied.
Count Three and Four: Negligent Infliction of Emotional Distress
The defendants next move for judgment on the third and fourth count of the complaint, the negligent infliction of emotional distress claims, arguing first, such claims should not be allowed except when the claimant has been terminated; and second, that the conduct of the defendant was not extreme. The plaintiff argues that the dicta in Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 700 A.2d 655 (1997) (that employers may be liable for negligent infliction of emotional distress only in an actual termination of employment) is not binding upon the court, and should not be followed.
Interestingly, during the pendency of this motion, our Supreme Court CT Page 12072 decided Perodeau v. City of Hartford, 259 Conn. 729, 792 A.2d 782
(2002). In Perodeau, the Supreme Court held that a cause of action for negligent infliction of emotional distress could not survive unless the claimant had been terminated. Under Perodeau there is no liability against an individual employee for negligent infliction of emotional distress in a continuing employment relationship, such as the one existing in this instant matter.
Given the holding in Perodeau, this court need not address the argument of the defendants that the conduct of the defendant was not extreme. In light of the Perodeau holding, this court concludes that the defendants are entitled to judgment on the counts asserting negligent infliction of emotional distress. Therefore, the motion is granted as to
Counts three and four.