**Robert J. STACK, Plaintiff**

v.

**Andrew JAFFEE et al., Defendants**

**No. 3:01–CV–260 (EBB).**

United States District Court,
D. Connecticut.

Feb. 26, 2003.

See also, 248 F.Supp.2d 106.

James S. Brewer, Erin I. O'Neil–Baker, West Hartford, CT, John T. Forrest, Law Offices of John T. Forrest, LLC, Hartford, CT, for plaintiff.

James J. Szerejko, Brian P. Leaming, Halloran & Sage, Hartford, CT, for City of Hartford, Robert Carlson, defendants.

Gregg Peter Goumas, Shipman & Goodwin, Hartford, CT, James J. Szerejko, Brian P. Leaming, Halloran & Sage, Hartford, CT, for Bruce Marquis, Robert Rudewicz, defendants.

William J. Melley, III, Law Offices of William J. Melley, III, Hartford, CT, for Andrew Jaffee, defendant.

Philip R. Dunn, Jr., O'Keefe, Phelan & Jackson, Hartford, CT, Jose V. Martinez, Brookfield, CT, for Lourdes Perez, defendant.

Alexis Perez, Windsor, CT, pro se.

### RULING ON MOTION FOR RECONSIDERATION

ELLEN BREE BURNS, Senior District Judge.

On December 18, 2002, this Court granted the Motions for Summary Judgment filed by the Defendants in this case, save Lourdes Perez, finding that there existed no genuine issues of material fact as to the federal causes of action, and concomitantly, declining to exercise supplemental jurisdiction over the state law causes of action. For the reasons set forth herein, Plaintiff's Motion for Reconsideration [Doc. No. 105] is hereby GRANTED IN PART AND DENIED IN PART. It is denied as to all Defendants, save Andrew Jaffee. Nothing in the Motion for Reconsideration, or its supporting papers, alters the Court's grant of summary judgment as to Defendants City of Hartford, Bruce Marquis, Robert Rudewicz, or Robert Carlson. However, in reviewing the Motion for Reconsideration as to Andrew Jaffee, and drawing every inference in Plaintiff's favor, the Court finds that it may no longer hold as a matter of law that there exist no genuine issues of material fact as to Plaintiff's First Amendment claim as to Jaffee. The Court will also, accordingly, examine the state law causes of action brought against him. It will not, however, revisit the claim of equal protection, again agreeing with Judge Janet B. Arterton that no genuine issues of material fact exist as to this claim.

### A. *First Amendment Retaliation*

■ In 2001, two panels of the Second Circuit set forth a new analysis for a First Amendment retaliation claim. In *Garcia v. S.U.N.Y. Health Sciences Center*, 280 F.3d 98 (2d Cir.2001) and *Dawes v. Walker*, 239 F.3d 489 (2d Cir.2001), the Courts held that to prevail on a First Amendment retaliation claim, the Plaintiff must establish "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Garcia*, 280 F.3d at 106–07, *citing Dawes*, 239 F.3d at 492 *and Thaddeus–X v. Blatter*, 175 F.3d 378, 386–87 (6th Cir.

1999) (*en banc*). *Accord Morales v. Mackalm*, 278 F.3d 126, 131 (2d Cir.2002)

▪ This Court finds the *Garcia, Dawes* and *Morales* analysis to be a lesser hurdle for a First Amendment Plaintiff to surmount. In its original Ruling, this Court found that Stack had an interest protected by the First Amendment and that Jaffee's retaliatory actions were substantially motivated by the exercise of this right. Hence, Stack meets the first two elements of the *Garcia, Dawes* and *Morales* analysis. The Court now holds that he meets the third, also. To establish a causal connection, this Court must determine if there is an inference that Jaffee had a retaliatory motive. *Morales*, 278 F.3d at 131. As noted in this Court's earlier Ruling: Jaffee, during a meeting on August 7, 2000, called Stack a liar; although he had no authority to do so, on November 1, 2000, Jaffee wrote to the Ayer District Court, after having been asked to do so by his friend and mentee, Lourdes Perez, supporting Perez and advising the Court that there was no foundation for Stack's allegations; the Court placed great emphasis on this letter, according to the transcript, and lifted the restraining order Stack had held against Perez; Jaffee contacted both the FBI and Stack's employer to advise them of the complaint, that there was no support for it, and that he was not going to recommend discipline; these contacts were unauthorized and Jaffee acknowledged at his deposition that his conduct "was not normal procedure"; although Jaffee testified in his deposition that he did not believe that Stack was a "jealous scorned lover", this is the way he described Stack when asked by a Hartford Courant reporter to comment on Stack's allegations; Jaffee told Stack that he should stop pursuing the matter.

The Court believes that there clearly exists an inference of retaliation based on these actions taken by Jaffee. Hence, the Court finds that Stack meets all three prongs of the *Garcia, Dawes* and *Morales* analysis and that genuine issues of material fact prevent the grant of summary judgment on Stack's First Amendment retaliation claim against Jaffee.

## B. *Intentional Infliction of Emotional Distress*

▪ In order to assert a claim for intentional infliction of emotional distress, the Plaintiff must establish four elements: "(1) that the actor intended to inflict emotional distress; or that he knew or should have known that the emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the distress suffered by the plaintiff was severe." *Petyan v. Ellis*, 200 Conn. 243, 253, 510 A.2d 1337 (1986).

▪ Whether the Defendant's conduct is sufficient to satisfy the element of extreme and outrageous conduct is a question, in the first instance, for the Court. *Johnson v. Chesebrough–Ponds USA Co.*, 918 F.Supp. 543, 552 (D.Conn.) *aff'd* 104 F.3d 355 (2d Cir.1996). Only where reasonable minds would differ, does it become a question for the jury. *Id., citing Reed v. Signode Corp.*, 652 F.Supp. 129, 137 (D.Conn.1986). *See also* 1 Restatement (Second) of Torts § 46, comment (h). The general rule "is that there is liability for conduct exceeding all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." *Johnson*, 918 F.Supp. at 552 *quoting Mellaly v. Eastman Kodak Co.*, 42 Conn.Supp. 17, 19–20, 597 A.2d 846 (Conn.Super.1991). *See also* 1 Restatement (Second) at comment (d) ("[C]onduct must be so outrageous and extreme . . . as to go beyond all possible grounds of decen-

cy, and to be regarded as atrocious, and utterly intolerable in a civilized society".).

Although it is the rare case which meets these stringent standards, this may be that case. The Court holds that whether Jaffee's conduct toward Stack was indeed extreme and outrageous; and whether the Plaintiff has proved a cause of action for intentional infliction of emotional distress must go before the jury.

A jury could find that Jaffee's actions serve to demonstrate the egregiousness of his conduct. Jaffee never investigated any of Stack's claims, yet contacted a district court, the FBI and Stack's employer, advising them that Stack had set forth no truthful allegations against Perez and that he would not recommend discipline, this in spite of the fact that he testified at his deposition that he believed that Stack was telling the truth. He further testified that he had no authority to make these contacts and that such was not proper procedure. Jaffee discouraged Stack from pursuing his claim and told him that he should stop pursuing it altogether.

Although Jaffee had substantial evidence that Perez lied under oath and made physical threats against Stack, he nevertheless wrote to the Ayer District Court, stating that there was no evidence that Perez had violated criminal law or department policy or procedure. Despite no investigation having been done by Jaffee, he advised Perez that he would close the case after the restraining order against her was lifted. Placing great emphasis on Jaffee's improper letter, the Ayer district court lifted the restraining order.

Once Jaffee was removed from the case, the newly appointed investigator, after thorough review, recommended discipline against Perez.

The Court believes that a civilized society may not be prepared to accept a police officer's handling of a legitimate civilian complaint in this manner. The issue will be decided by the trier of fact, not as a matter of law.

## C. *Defamation*

Defendant Jaffee presents the following three defenses against the Plaintiff's defamation claim: ( ) the privilege of fair comment; (2) that Jaffee's statement in the Hartford Courant was true; and (3) Stack is a limited purpose public figure.

### (1) Fair Comment

 The privilege of fair comment is applicable only to an opinion or mixed statement of opinion and fact. "A statement can be defined as factual if it relates to an event or state of affairs that existed in the past or present and is capable of being known. In a libel action, such statement of fact usually concerns a person's conduct or character. An opinion, on the other hand, is a personal comment about another's conduct, qualifications or character that has some basis in fact." *Goodrich v. Waterbury*, 188 Conn. 107, 111, 448 A.2d 1317 (1982) (citations omitted). The difficulty with Jaffee's statement to the Hartford Courant, that "Stack is a jealous, scorned lover. That's my opinion.", is that it had no basis in fact, according to Jaffee himself at his deposition. There, he testified that he did not believe that Stack was a jealous, scorned lover and, furthermore, he testified that he believed that Stack was telling the truth. Accordingly, the defense of fair comment is inapplicable to the facts of this case, as to that article.

### (2) Truth as a Defense

 Stack's other claimed libelous statements are: (1) that Jaffee contacted Stack's employer and told his supervisor that Stack had filed a false police report; (2) that Jaffee contacted the FBI and stated that Stack had filed a false police report; and (3) that he also told the Hart-

ford Courant reporter that he would not recommend discipline for Perez because the Stack complaint was not substantiated.

As found by Jaffee's successor investigator, it is likely that there was no truth to the statements made by Jaffee to the Plaintiff's employer and to the FBI. Further, this investigator found Stack's allegations to be credible, as he recommended discipline as to Perez. Accordingly, these allegedly defamatory statements must go before the jury.

### (3) Limited Public Figure

■ Jaffee argues that Stack should be considered a "limited purpose public figure" and that, accordingly, summary judgment must be granted as to his defamation claims.

■ A limited purpose public figure is "an individual [who] voluntarily injects himself or is drawn into a particular public controversy and thereby becomes a public figure for a limited range of issues." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). The relevant question in determining if one is a public figure and to what extent is "the nature and extent of an individual's participation in the particular controversy giving rise to the defamation." *Lerman v. Flynt Distr. Co.*, 745 F.2d 123, 136 (2d Cir.1984), *cert. denied*, 471 U.S. 1054, 105 S.Ct. 2114, 85 L.Ed.2d 479 (1985), *citing Gertz*, 418 U.S. at 352, 94 S.Ct. 2997. *Lerman* identifies four factors for determining what constitutes a limited purpose public figure. "A defendant must show that the plaintiff has: (1) successfully invited public attention to his views in an effort to influence others prior to the incident that is the subject of the litigation; (2) voluntarily injected himself into a public controversy related to the subject of the litigation; (3) assumed a position of prominence in the public controversy; and (4) maintained

regular and continuing access to the media." *Lerman*, 745 F.2d at 136–137.

■ In *Wolston v. Reader's Digest Assn., Inc.*, 443 U.S. 157, 167, 99 S.Ct. 2701, 61 L.Ed.2d 450 (1979), the Supreme Court stated that "[a] private individual is not automatically transformed into a public figure just by becoming involved in or associated with a matter which attracts public attention." Where, as here, the parties have presented conflicting evidence as to the nature of the extent of the plaintiff's participation in the controversy giving rise to the defamation, it is an issue of fact for the jury and summary judgment cannot be granted. *Wilkinson v. Schoenhorn*, 2001 WL 420373 (Conn.Super. April 10, 2001).

### CONCLUSION

Plaintiff's Motion for Reconsideration [Doc. No. 105] is hereby GRANTED AS TO DEFENDANT JAFFEE ONLY. Plaintiff's First Amendment retaliation claims, his intentional infliction of emotional distress claim and his defamation claim can not be decided as a matter of law, as genuine issues of material fact exist as to each claim as set forth against Jaffee.

SO ORDERED.