**Robert J. STACK, Plaintiff**

v.

**Lourdes PEREZ, et al., Defendants**
**No. 3:01–CV–260 (EBB).**

United States District Court, D. Connecticut.

Feb. 26, 2003.

James S. Brewer, Erin I. O'Neil–Baker, West Hartford, CT, John T. Forrest, Law Offices of John T. Forrest, LLC, Hartford, CT, for plaintiff.

James J. Szerejko, Brian P. Leaming, Halloran & Sage, Hartford, CT, for City of Hartford, Robert Carlson, defendants.

Charles L. Howard, Gregg Peter Goumas, Shipman & Goodwin, Hartford, CT, James J. Szerejko, Brian P. Leaming, Halloran & Sage, Hartford, CT, for Bruce Marquis, Robert Rudewicz, defendants.

William J. Melley, III, Law offices of William J. Melley, III, Hartford, CT, for Andrew Jaffee, defendant.

Philip R. Dunn, Jr., O'Keefe, Phelan & Jackson, Hartford, CT, Jose V. Martinez, Brookfield, CT, for Lourdes Perez., defendant.

Stephen Richard Sarnoski, Attorney General's Office, Hartford, CT.

Alex Perez, Windsor, CT, pro se.

## RULING ON MOTION TO DISMISS

ELLEN BREE BURNS, Senior District Judge.

After initially denying the Motion for Summary Judgment filed by Defendant Lourdes Perez ("Defendant" or "Perez") for failure, on two occasions. to comply with Local Rule 9(c), the Court converted the Motion to a Motion to Dismiss and directed the parties to brief the issue of the "color of law" requirement for an action brought pursuant to 42 U.S.C. Section 1983. The Court now holds that the Motion for Summary Judgment, construed as a Motion to Dismiss [Doc. No. 67], is hereby GRANTED IN PART AND DENIED IN PART.

■ The Supreme Court has held that "[i]f an individual is possessed of state authority and purports to act under that authority, [her] action is state action." *Griffin v. Maryland*, 378 U.S. 130, 135, 84 S.Ct. 1770, 12 L.Ed.2d 754 (1964). In the present case, Perez threatened Plaintiff with physical harm by members of the Hartford Police Department. Behind the scenes, and based on her friendship with investigating officer Jaffee, she manipulated the investigation into the complaints made against her by Plaintiff through the use of intimidation and perjury. This underhanded use of the Hartford Police Department demonstrates that Perez did, indeed, act under "color of law" for purposes of Section 1983 liability.

■ That being said, however, the only viable constitutional violation pleaded is that of First Amendment retaliation. To prevail on a First Amendment retaliation claim, the Plaintiff must establish "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Garcia v. S.U.N.Y. Health Sciences Center*, 280 F.3d 98, 106–07 (2d Cir.2001). It is clear that Plaintiff was engaging in protected activity when he contacted the Hartford Police Department to lodge a complaint of physical threats made by Perez, workers' compensation abuses by her, and the beating of suspects by Perez. Perez took adverse action against the Plaintiff by undermining the investigation through the use of internal friendships and perjury. There can be no other inference to be drawn but that there existed a causal connection between Stack's complaints and Perez' devious use of the Hartford Police Department to violate his First Amendment rights. The First Amendment claim has set forth a claim upon which relief may be granted.

■ However, Plaintiff has set forth no viable procedural or substantive due process claims against Perez. He has set forth no deprivation of a recognizable liberty or property interest violated by Perez. *See Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). Thus, the claims must be dismissed, along with the equal protection allegations, which also fail to set forth a viable cause of action.

■ As to Stack's state law claims against Perez, the claim for intentional infliction of emotional distress will not be dismissed. In order to assert a claim for intentional infliction of emotional distress, the Plaintiff must establish four elements: "(1) that the actor intended to inflict emotional distress; or that he knew or should have known that the emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the distress suffered by the plaintiff was severe." *Petyan v. Ellis*, 200 Conn. 243, 253, 510 A.2d 1337 (1986).

■ Whether the Defendant's conduct is sufficient to satisfy the element of extreme and outrageous conduct is a question, in the first instance, for the Court. *Johnson v. Chesebrough–Ponds USA Co.,* 918 F.Supp. 543, 552 (D.Conn.) *aff'd* 104 F.3d. 355 (2d Cir.1996). Only where reasonable minds would differ, does it become a question for the jury. *Id., citing Reed v. Signode Corp.,* 652 F.Supp. 129, 137 (D.Conn.1986). *See also* 1 Restatement (Second) of Torts § 46, comment (h). The general rule "is that there is liability for conduct exceeding all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." *Johnson,* 918 F.Supp. at 552 *quoting Mellaly v. Eastman Kodak Co.,* 42 Conn.Supp. 17, 19–20, 597 A.2d 846 (Conn.Super.1991). *See also* 1 Restatement (Second) at comment (d)("[C]onduct must be so outrageous and extreme... as to go beyond all possible grounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society".).

■ The Court holds that reasonable minds could differ as to whether Perez' actions towards Stack were extreme and outrageous; thus, the cause of action for intentional infliction of emotional distress must go before the jury. The jury may determine that Perez physically threatened Plaintiff with harm from herself and/or members of the Hartford Police Department, that she used her connections with the Department to stop the investigation into her conduct, that Perez lied several times under oath to protect herself, including perjury before a Massachusetts court, and that she used her connections with the Hartford Police Department to attack Stack's credibility and character. Finally, the jury could find that she used her connections with the Hartford Police Department to improperly influence a Massachusetts court. It would then be for the jury to determine whether these acts

meet the stringent standards for extreme and outrageous conduct. For these reasons, the cause of action for intentional infliction of emotional distress will not be dismissed.

■ The same is not true, however, of the state law claim for assault. Under Connecticut law, an assault requires an overt act evidencing an attempt to do bodily harm, which actually falls short of a battery. *Marczeski v. Law,* 122 F.Supp.2d 315, 325 (D.Conn.2000)(threat by telephone or internet not civil assault). Perez only threatened Stack verbally. She never attempted to physically touch him. Thus, there was no overt act and, accordingly, Stack fails to state a claim for assault under Connecticut law and such cause of action is dismissed.

■ Finally, Perez is not entitled to qualified immunity as a matter of law. The doctrine of qualified immunity provides that "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). In a case such as this one, "reasonableness" is a question for the jury, as it is for that body to determine whether Perez should have reasonably known that her conduct could be found to be violative of Stack's First Amendment rights.

## CONCLUSION

Defendant's Motion for Summary Judgment, construed as a Motion to Dismiss, [Doc. No. 67] is hereby GRANTED IN PART AND DENIED IN PART. Plaintiff's First Amendment claims, his cause of action for the intentional infliction of emotional distress, and the defense of qualified

immunity are for the trier of fact. All Fourteenth Amendment claims and the state law assault claim fail to state claims upon which relief may be granted and are hereby dismissed.

SO ORDERED.