[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#106)
The plaintiff, Elizabeth Seipold, has brought this lawsuit alleging wrongful discharge from employment, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of the implied covenant of good faith and fair dealing, and defamation. The complaint is in eight counts. The defendants in the present motion move to strike the Second, Fourth, Fifth, Sixth and Seventh counts. For the reasons set forth below, the motion is granted as to the Second, Fourth and Sixth counts and denied as to the Fifth and Seventh counts.
 I. BACKGROUND
In her complaint, the plaintiff alleges the following relevant facts. For purposes of this motion, the court must take these facts as proven.
Plaintiff was employed by Temple Radiology Group until it was acquired by defendant Yale-New Haven Health Services Corp. in 1994. At the time of the acquisition, the name was changed to Yale-New Haven Ambulatory Services. Prior to the acquisition, Temple Radiology Group operated as a limited partnership and defendant Alvin Greenberg, M.D. was a partner. After the acquisition, Alvin Greenberg became an employee of Yale-New Haven Ambulatory Services as well as one of its corporate officers. Yale-New Haven Ambulatory Services is affiliated with defendant Yale-New Haven Health Services Corp. and Yale-New Haven Hospital Corp. CT Page 10526
The acquisition of Temple Radiology Group by Yale-New Haven Health Services Corp. required the approval of the Connecticut Commission on Hospitals and Health Care ("Hospital Commission"). The approval process included a requirement that Temple Radiology Group report detailed information about prices and costs of services to the Hospital Commission. Plaintiff was responsible for preparing these reports (known as Certificate of Need reports) under the direction of Alvin Greenberg. Among the items included in the report was information concerning billings for magnetic resonance imaging ("MRI") tests. Pricing for MRI tests was partially controlled by the Hospital Commission.
Alvin Greenberg instructed plaintiff to falsify Certificate of Need documents in order to hide from the Hospital Commission (and state regulators) the fact that Temple Radiology Group had been illegally overcharging patients for MRIs for many years. Specifically, Alvin Greenberg instructed plaintiff to lie to state regulators by telling them that a larger percentage of MRI costs was composed of unregulated professional services than was, in fact, the case. Plaintiff refused to falsify documents and Alvin Greenberg hired another administrative assistant.
Immediately after plaintiff's refusal to falsify documents, Alvin Greenberg made false comments about the plaintiff designed to force her to quit. These included comments that (1) plaintiff was unhappy at work and causing divisions among staff, (2) plaintiff was inappropriately delegating work to others, (3) plaintiff was trying to discredit colleagues and (4) plaintiff has inappropriately taken money from contractors.
On June 3, 1996, plaintiff was terminated based on the pretextural reasons that she was uncooperative and received inappropriate compensation from a contracting entity. While plaintiff did receive a bonus from Radiology Consultants, P.C, it was done with the knowledge and consent of Alvin Greenberg. The actual reason that plaintiff was discharged was that she refused to falsity documents required by state regulators.
 II STANDARD OF REVIEW
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Waters v. Autuori, 236 Conn. 820, 825
(1996). "In ruling on a motion to strike, the court is limited to the CT Page 10527 facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Id. A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinion stated in the pleadings." Mingachos v.CBS, Inc., 196 Conn. 91, 108 (1985). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 215 (1992).
 III DISCUSSION
A. Second Count and Fourth Count
In the Second Count, the plaintiff seeks damages for wrongful discharge from employment from Alvin Greenberg. In the Fourth Count, she seeks damages for wrongful discharge from employment from H. Bart Price. The complaint alleges that Greenberg is an employee of Yale-New Haven Ambulatory Services and one of its corporate officers. Price is alleged to be a corporate officer of Yale-New Haven Hospital Corp. The plaintiff does not allege that she had an employer/employee relationship with either Greenberg or Price at the time of her allegedly wrongful discharge. To the contrary, she explicitly alleges that in June 1996 she was an employee of Yale-New Haven Ambulatory Services.
Without an employer/employee relationship there can be no wrongful termination by these non employer defendants as to the plaintiff. Emerickv. Kuhn, Superior Court, Judicial District of Hartford/New Britain at New Britain, Docket No. 94-0460869S (Oct. 18, 1994, Handy, J.). The motion to strike the Second Count and Fourth Count must be granted.
B. Fifth Count
In the Fifth Count, the plaintiff alleges intentional infliction of emotional distress. The defendants seek to strike this count asserting that the conduct alleged is not sufficiently extreme and outrageous and that the emotional distress alleged is not sufficiently severe.
In order to establish a cause of action for intentional infliction of emotional distress, four elements must be alleged: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct caused the plaintiff's distress; and (4) that the emotional CT Page 10528 distress sustained by the plaintiff was severe. DeLaurentis v. NewHaven, 220 Conn. 225, 266-67 (1991). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. . . ." Mellaly v. Eastman Kodak Co.,42 Conn. Sup. 17, 20 (1991), quoting 1 Restatement (Second) of Torts § 46, comment (d). "Whether the defendants' conduct and the plaintiff's resulting distress are sufficient to satisfy either of these elements is a question, in the first instance, for this court. Only where reasonable minds can differ does it become an issue for the jury." Id., 18.
Applying this standard to the allegations of the Fifth Count, the court finds that the allegations are sufficient to survive a motion to strike. The assertion that after refusing to be part of a dishonest scheme to mislead state regulators, plaintiff was subject to false statements about her work performance, divisiveness and personal integrity that caused her many months of emotional distress requiring medical care for weight loss, anxiety and sleeplessness, are enough to reach the threshold where reasonable minds could differ as to whether the tort was committed.
The motion to strike the Fifth Count must be denied.
C. Sixth Count
In the Sixth Count, the plaintiff alleges negligent infliction of emotional distress. To establish this cause of action, the plaintiff must plead and prove that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm.Morris v. Hartford Courant Co., 200 Conn. 676, 683 (1986). The defendants correctly point out that the Sixth Count fails to contain this allegation. On this ground, the motion to strike must be granted.
The defendants further claim that wrongful termination of employment, even if wrongfully motivated, does not support a cause of action for negligent infliction of emotional distress. Parsons v. UnitedTechnologies Corporation, 243 Conn. 66, 88-89 (1997). As discussed above in connection with the Fifth Count, the plaintiff has alleged more than mere wrongful termination of employment.
D. Seventh Count
The Seventh Count alleges breach of the implied covenant of good faith. The defendants seek to strike this count asserting that it is CT Page 10529 duplicative of the wrongful discharge count. The premise of this argument is that as to an at-will employee, the claim of a breach of the covenant of good faith, based in contract, is coterminous with a wrongful discharge tort based on a violation of public policy. See Magnan v.Anaconda Industries, Inc., 193 Conn. 558, 568-69 (1984); see also Sheetsv. Teddy's Frosted Foods, Inc., 179 Conn. 471, 475 (1980).
The motion to strike the Seventh Count must be denied for two reasons. First, the plaintiff's complaint contains an allegation that Alvin Greenberg, on behalf of both Temple Radiology Group and Yale-New Haven Ambulatory Services, promised her continued employment. This presumably would support a claim that she had an implied contract for employment as opposed to being an at-will employee. Second, even if she is an at-will employee, plaintiff should be able to pursue alternative claims under causes of action in tort and contract even if they present parallel theories of liability. Indeed, the case relied upon by the defendants,Battista v. United Illuminating Co., 10 Conn. App. 486 (1987), involved a situation where both causes of action were presented to the jury as separate counts in the complaint. Id., 495.
 CONCLUSION
For the reasons set forth above, the motion to strike the Second Count, Fourth Count and Sixth Count is granted. The motion to strike the Fifth Count and Seventh Count is denied.
So Ordered at New Haven, Connecticut this 3rd day of August, 2001.
Devlin, J.